[Civ. No. 1844.   Third Appellate District.—April 22, 1918.]

## KELSEY COMPANY (a Corporation), Appellant, v. MRS. MIRIAM SPEARS et al., Respondents.

JUDGMENT—MOTION TO VACATE—TIME.—Where the defendants appeared in court and formally made their motion to set aside the judgment within six months after its rendition, as required by section 473 of the Code of Civil Procedure, the fact that after reading the motion the further consideration thereof was postponed until after the expiration of such statutory period did not divest the court of jurisdiction to grant relief.

ID.—ORDER TO SHOW CAUSE—WHEN IMMATERIAL.—Where the adverse party made his appearance in court at the time fixed for hearing the motion to set aside the judgment and had an opportunity to do all that he could do under any circumstances, the fact that a formal order to show cause was not made was immaterial.

ID.—COMPROMISE JUDGMENT — ORDER SETTING ASIDE — DISCRETION NOT ABUSED.—Where the defendants in an action concerning water rights agreed to a compromise judgment and authorized their attorney to prepare a judgment according to the terms and conditions of the compromise, but upon the understanding that the judgment was to be submitted to them for their approval before it should be entered, and the judgment was entered without such submission, and they did not understand or appreciate the effect or significance of such judgment as explained to them by their attorney, it was not an abuse of discretion to set the judgment aside.

APPEAL from an order of the Superior Court of Merced County granting a motion to set aside a judgment.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

F. W. Henderson, and H. K. Landram, for Appellant.

F. W. Reeder, for Respondents.

HART, J.—The appeal is by the plaintiff from an order of the superior court of Merced County entered on the seventeenth day of March, 1916, granting defendants' motion to set aside a judgment and decree entered on the tenth day of May, 1915.   The proceeding is founded on section 473 of the Code of Civil Procedure.

The controversy arose over rights of the respective parties to the use of water for domestic and irrigation purposes. It appears from an affidavit of defendant, Mrs. Spears, sworn to on November 3, 1915, that the complaint in the action was filed on September 4, 1912; that she employed F. G. Ostrander as her attorney and an answer to the complaint was filed; that, on May 10, 1915, a decree and judgment was filed in said action wherein it was set forth that "the parties to the foregoing action have in open court stipulated that findings of fact be waived in the foregoing action and that judgment in said action be made and entered as herein provided"; that said defendant never at any time or place gave to said Ostrander or any other person authority to waive findings or stipulate to have judgment entered; that said Ostrander exceeded his authority and acted without deponent's consent in so stipulating; "that deponent did agree with F. G. Ostrander that judgment might be entered on certain conditions, that is to say, before judgment was entered a copy of said judgment was to be submitted to defendant for her approval and if not satisfactory to her the judgment was not to be filed but the trial of the case was to proceed under the pleadings; that defendant instructed F. G. Ostrander that the judgment must provide for water for domestic use at all times, also that deponent was to have all necessary water for the irrigation of all vegetables or small fruits that might be raised on deponent's said land whenever she wished to use same, also that the water flowing in the irrigation ditches of plaintiff's lands was to be allowed to flow to defendant's land when the same was not being used by plaintiff; that said decree does not provide for either or any of the above stipulations and conditions; that deponent is taken by surprise and a great wrong and irreparable injury will result to deponent if said decree is permitted to stand; that no copy of said decree was ever submitted to deponent by her attorney or any other person until after said decree had been filed; that deponent has made repeated efforts to have her attorney, F. G. Ostrander, amend said decree to conform to deponent's stipulations and conditions," but that said Ostrander has failed and refused so to amend said decree.

On the 4th of November, 1915, the present attorney for defendants served and filed a notice of motion to set aside said judgment and decree, said notice specifying the fifteenth day

of November, 1915, as the date upon which said motion would be made. The motion was duly made on the ground that F. G. Ostrander "exceeded his authority in having said decree entered and that defendants are taken by surprise."

At the hearing of the motion the foregoing affidavit of Mrs. Spears and also an affidavit of defendant, Leonard Spears, containing substantially the same matters, were presented. Counter-affidavits were filed and also oral testimony presented in opposition to the motion. Among the facts brought out by the plaintiff was that, after Mrs. Spears registered her objection to the decree with her attorney, Judge Ostrander, the latter and the attorney for the plaintiff entered into a stipulation agreeing to an amendment of the decree in such manner and to such extent as that Mrs. Spears would be entitled to the use of a certain specifically named number of inches of water during the time that the decree awarded to the plaintiff the "exclusive use of the said water in said north or main ditch."

Appellant first insists that the court was without jurisdiction to set aside the decree for the reason that the application was not made within six months after the rendition of the decree, as required by section 473 of the Code of Civil Procedure.

The record discloses that the decree was entered on the tenth day of May, 1915, and, on November 4, 1915, defendants filed and served their notice of motion. Thus it will be noted that the notice was filed and served six days before the expiration of the six months' period within which, under the statute, such a motion must be made. It is the contention, however, that the notice stated that the motion itself would be made on November 15, 1915, five days after the six months' period elapsed, and it further appears that the motion was not in fact made or brought up for consideration by the court until said fifteenth day of November, 1915.

Counsel for the appellant contend: 1. That section 473 of the Code of Civil Procedure contemplates that a motion to set aside a judgment for any of the reasons set forth in said section must not only be filed and served within the period of six months after the rendition of such judgment, but that it must also be pressed to a hearing or made to the court within that period of time; 2. That the court must make an order on the adverse party to show cause on a day fixed why

the motion should not be granted; 3. That the opposing party must be duly notified of such order. As to the merits of the controversy, it is contended that, under the general authority of an attorney, the attorney for the defendants was authorized to stipulate that judgment might be entered against his clients and to waive findings of fact; that an attorney is not precluded from consenting to the entry of a judgment against his client except in those cases where his authority is expressly limited by the client to do certain specific acts in the litigation; that there is no showing here that the attorney for the defendants was restricted by the latter to the performance of certain acts or was without the general authority of an attorney in this action.

1. It is conceded by counsel for the appellant that the defendants appeared in court and formally made their motion within the statutory time, but it appears that, after reading the motion, counsel asked that the further consideration thereof be postponed to a later date, to wit, the fifteenth day of November, 1915, which was after the expiration of the six months' period within which the defendants were authorized to make their application to be relieved from the consequences of the decree. The date for the hearing of the motion having accordingly been fixed for a date beyond the statutory period within which the relief sought might be asked for and granted, the result followed, so counsel for the appellant contends, that the court was divested of jurisdiction, and thus the defendants lost any right they otherwise might have had to be relieved. A sufficient and, indeed, a complete answer to this proposition may be found in the comparatively recent case of *Brownell* v. *Superior Court,* 157 Cal. 703, 709, [109 Pac. 91, 94]. In that case, the motion was filed and served a few days prior to the expiration of the six months' limitation, and the court made an order that the motion be heard on October 4, 1909, which was some twelve or thirteen days subsequent to the date of the expiration of the period of limitation. There, as here, it was contended that the court lost jurisdiction of the motion because it was not pressed to a hearing within the statutory period of six months after the entry of the order from the effect of which relief was therein sought. Through Mr. Justice Shaw, the court held that "it is the *application* which is to be made within the six months. A motion is an application for an order. The letter as

well as the spirit of the law is fulfilled where the party appears and moves the court for the relief within that period, and thereupon the court makes an order on the adverse parties to show cause on a day fixed why the motion should not be granted, and they are duly notified thereof.''

2. Thus we are brought to the consideration of the second and third propositions, as above stated, and which also involve the challenging of the authority of the court to make the order appealed from. There is, it is true, no showing in the record that the court, upon the presentation of the motion, made an order requiring the appellant to show cause, on the fifteenth day of November, 1913, which was the date fixed for the hearing of the motion, why said motion should not be granted, nor does the record show that a notice of any such order was served on the appellant. But, it seems to us that a sufficient reply to the point thus sought to be made lies in the fact that, on the fifteenth day of November, 1915, the date fixed by the court for the hearing of the motion, appellant and its counsel were in court and took part in the proceedings upon the motion and resisted the allowance of the application by filing counter-affidavits and introducing oral testimony tending to impeach the showing made by the defendants in support of the application. Obviously, the sole purpose of an order to show cause and notice thereof to the party adversely affected by the motion as to which such order is made is to inform such ''adverse party'' of the time and place of the hearing of the motion, and where, as here, the ''adverse party'' has made his appearance in court at the time fixed for hearing the motion and has had an opportunity to do all that he could under any circumstances do to overcome the effect of the showing made in support of the motion, it would seem that whether the court did or did not make a formal order to show cause or whether the adverse party was or was not formally notified of the order, becomes a matter of no material importance. While we do not hold that a formal order to show cause should not in such a case be made, yet it is in point of fact true in effect that the order fixing a date for the hearing of the motion is an order to the other party to show cause. Of course, it will not be contended that the failure formally to notify the appellant of the order to show cause, if any was formally made, is of any material importance, since it is true that it

had ample opportunity to defend against the allowance of
the motion, it having evidently before the date fixed for the
hearing procured and prepared counter-affidavits and subse-
quently filed the same, and it having been represented by
counsel in court at the time of the hearing and introduced
oral proof in opposition to the allowance of the motion.

3. As to the merits of the motion, we remark: That, while
the proofs seem to indicate that the attorney for the defend-
ants was vested with general authority as such in the action
out of which the present controversy arises, and probably,
therefore, had the authority to consent to a judgment in said
action, and while, furthermore, it appears that the defend-
ants agreed to a compromise judgment and authorized their
attorney, Judge Ostrander, to prepare a judgment according
to the terms and conditions of the compromise, yet there
are other considerations presented by the record upon which
the court could justly have concluded that the interest of
justice justified the order setting aside the decree.

It is clear that the court, if it believed the testimony pre-
sented by the defendants in support of the motion, as evi-
dently it did, was justified in finding that the defendants did
not understand or appreciate the scope and effect or sig-
nificance, in its practical operation, of the compromise judg-
ment as it was explained to them by their attorney. The lat-
ter undoubtedly acted in good faith with the defendants and
honestly advised them as to the extent to which they were,
under the facts as he had learned them, entitled to the use
of the water flowing in the main ditch; but the defendants,
as the proofs clearly enough show, in good faith supposed or
believed, from the explanation made to them by the lawyer,
that they were, under the compromise, to be awarded a
greater quantity of water or a greater use thereof than the
decree as entered allowed them. It also appears that it was
understood between the defendants and their attorney that
the former should be shown the decree and permitted to ex-
amine it before it should be entered and that this was not
done. Under all these circumstances, we cannot say that the
trial court abused its discretion in allowing the motion. We
do not believe that a litigant should be bound by a compro-
mise made by his attorney where, as here, the facts upon
which the compromise was effected were not understood by
the litigant or where the latter obtained a misapprehension or

an erroneous impression of the effect and scope of the compromise as the same was explained to him by his attorney. The court in this case, having examined and fully considered the testimony presented both for and against the motion, obviously reached the conclusion that the defendants did not in point of fact consent to the compromise of which the decree as entered stood as evidence; that the defendants were not given but should have been given an opportunity to examine the decree before it was entered, and so allowed an opportunity to determine for themselves whether the decree corresponded with the terms of the compromise as they understood and intended them; and that, therefore, in the interest of justice, the decree should be set aside and the defendants given an opportunity to have the respective rights of themselves and the plaintiff tried and adjudicated. We repeat that we can see no abuse of discretion in the action of the court in granting the motion.

It is true that the proofs show without conflict that, upon objection being made by the defendants to the decree as filed, respective counsel for the plaintiff and the defendants agreed to an amendment to the decree which it appears would make more specific and award to the defendants greater rights in the water involved in the controversy than did the original decree. But the defendants deny that they consented to the amendment and declare that they do not now agree to it. It may be observed that the fact of the agreement to the amendment by the appellant is evidence of the fact that it conceded that the original decree failed to give the defendants their full rights in the use of the water, and in a measure supports the conclusion that the court below did not abuse its discretion in making the order appealed from.

The order is affirmed.

Chipman, P. J., and Burnett, J., concurred.