DODD, RESPONDENT, *v.* VUCOVICH ET AL., DEFENDANTS; CASEY, APPELLANT.

(No. 2,588.)

(Submitted December 18, 1908. Decided January 25, 1909.)

[99 Pac. 296.]

*Landlord and Tenant—Leases—Bond for Rent—Liability of Sureties—Modification of Conditions of Lease—When Immaterial.*

Landlord and Tenant—Lease—Bond for Rent—Consideration.
1.   A bond, given to secure the payment of rent, which was signed after the lease of the property had been executed, was not *nudum pactum,*

where both instruments were executed on the same day and where the bond referred to and made the latter instrument a part of it. They must be construed as having been executed contemporaneously and as amounting to one instrument.

Same.

2.   The bond above referred to could not be said to have been without sufficient consideration for the further reason that, so far as the sureties were concerned, the understanding was that the lease would not become effective until the bond had been given; i. e., the consideration for the execution of the bond was the favor which they received by having the lessee take possession of the leased premises.

Same—Modification of Conditions of Lease—Liability of Sureties.

3.   A lease of real property provided that rent should be paid quarterly in advance. A bond was given to secure the rent. The lessor voluntarily and without consideration therefor, reduced the rent for one quarter and at different times permitted the lessee to make payments at irregular intervals, and not as provided in the lease. *Held,* under subdivisions 2 and 3 of section 5686, Revised Codes, that in the absence of any showing that the sureties on the bond were injured or prejudiced by the action of the lessor, they were not released from liability; *held,* further, that they were not released under subdivision 1 of said section, in view of section 5674, which provides that a promise by a creditor which for any cause is void or voidable at his option, does not alter the obligation of the principal within the meaning of section 5673, since the concessions made by the lessor were promises without consideration and therefore void as to him.

Principal and Surety—Obligation of Sureties—How Construed.

4.   While it is true that, in the absence of statute, the obligation of a surety is *strictissimi juris,* in this state the statutes covering the subject must control.

Landlord and Tenant—Lease—Bond—Occupancy by Others than Lessee—Release of Sureties.

5.   Where a lessee of premises failed in business during the life of the lease, and the lessor, without modifying or changing the lease in any respect, permitted others to take possession in order to minimize the damages recoverable under a bond given to secure payment of the rent, the sureties were not released by the action of the lessor in this respect.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by W. E. Dodd against M. G. Vucovich and another. From an order granting plaintiff a new trial after nonsuit as to defendant George H. Casey, Casey appeals.   Affirmed.

*Messrs. McBride & McBride,* for Appellant.

*Messrs. Maury & Templeman,* and *Mr. B. K. Wheeler,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On January 4, 1902, the plaintiff by an instrument in writing leased certain premises in Butte to defendant Vucovich for a term of three years from February 20, 1902, at the agreed rental of $300 per month, payable quarterly in advance. On the same day a bond to secure the payment of the rent was executed and delivered to the plaintiff, signed by Vucovich as principal, and James W. Forbis and the defendant, George H. Casey, as sureties. This bond recites that "on the 4th day of January, 1902, W. E. Dodd leased and let unto M. G. Vucovich those certain premises" (describing them), etc. The complaint alleges that the plaintiff fully performed all the terms of the agreement by him to be performed, but that Vucovich did not pay $845 of the rent so agreed to be paid. The prayer is for that amount, with interest from November 20, 1904.

The defendant Casey made separate answer, in which, after putting in issue most of the allegations of the complaint, he alleges affirmatively: "That the signing of the alleged bond, plaintiff's Exhibit B, by this defendant was and is without consideration, in this: That the said lease, plaintiff's Exhibit A, prior to the time that said bond was presented to this defendant for signature, and prior to the time he signed the same, had been by the plaintiff signed and executed and delivered to the defendant, M. G. Vucovich." It is further alleged in this answer that the plaintiff, by agreement with Vucovich, but without the knowledge or consent of the surety, Casey, modified the terms of the lease by extending credit to Vucovich on certain payments of rent, changing the rate of the rental and the times for the payments of rent, and by reason thereof the bond was abrogated and annulled as to the surety Casey. These affirmative allegations were put in issue by the reply.

Upon the trial the plaintiff offered evidence tending to show that Vucovich went into possession under the lease on February 20, 1902, and paid the rent according to the terms of the lease up to May 20, 1903, on which date the sum of $300 was

paid, and the further sum of $600 was paid on June 20, 1903. For the quarter beginning August 20, 1903, the plaintiff voluntarily reduced the rent to $750, payable monthly, and for the quarter beginning November 20, 1903, the rent was paid as follows: November 30, $300; January 2, 1904, $600. On February 16, 1904, Vucovich paid $300, which paid the rent up to March 20, 1904, but did not pay any rent thereafter. It appears from the record that the sheriff got possession of the place about April 7, 1904, and paid $300 rent for one month, and thereafter up to February 20, 1905, Barnet Bros. were in possession of the premises, and paid rent at the rate of $225 per month.

The cause was tried to the court sitting with a jury. At the conclusion of plaintiff's case defendant Casey moved for a nonsuit as to him, which motion was sustained. Thereafter the plaintiff moved for a new trial, and this motion was sustained. From the order granting the plaintiff a new trial the defendant Casey appeals.

Two contentions are made by counsel for appellant, as follows:

(1) It is said that the bond was void because there was not any consideration for its execution. It is said that it appears from the face of the bond that the lease had actually been executed at the time the bond was signed, and upon the familiar rule of law that a past consideration will not support an undertaking, it is urged that the bond is in fact *nudum pactum.* With this we do not agree. The bond refers to and makes the lease a part of it. Both instruments were executed on the same day, and, since the law does not take cognizance of a fraction of a day, the two instruments will be construed as having been executed contemporaneously and as amounting to one transaction. (9 Cyc. 580-582; Revised Codes, sec. 5031.) But for the stronger reason we think there was a sufficient consideration for the execution of the bond. Assuming that the lease was signed before the bond was executed, the bond does contain this provision: "Whereas, the said Dodd requires as a condition to the giving

of the said lease, security for the payment of the rents reserved—Now, therefore," etc. From this it clearly appears that the parties all understood that the lease did not become effective as such until the bond was given; or, in other words, it was understood that the consideration for the execution of the bond, so far as the sureties were concerned, was the favor which the sureties received by having the lease become effective in order that Vucovich might enjoy the possession of the leased premises. If such was the understanding of the parties, then the mere fact that the bond was not signed until after the lease was executed is immaterial. (*McDonald* v. *Randall,* 139 Cal. 246, 72 Pac. 997; *Stroud* v. *Thomas,* 139 Cal. 274, 96 Am. St. Rep. 111, 72 Pac. 1008; *McNaught* v. *Claughry,* 42 N. Y. 22, 1 Am. Rep. 487.)

(2) It is contended that the surety was released from liability by reason of the changes made in the terms of the lease: (a) As to the amount of rent to be paid for the quarter beginning August 20, 1903; and (b) as to the time for making the several payments of rent after May 20, 1903. It appears that during the fall of 1903, while business in Butte was dull, the landlord, at the request of the tenant, and without any consideration therefor, voluntarily reduced the rent for the quarter beginning August 20, 1903, from $900 to $750, and at different times permitted the tenant to make payments at irregular intervals, and not quarterly, in advance, as provided in the lease. It is said that the obligation of the surety "is *strictissimi juris,* and he is discharged by any alteration of the contract to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury." In the absence of statute this is undoubtedly true; but "the Code establishes the law of this state respecting the subjects to which it relates." (Revised Codes, sec. 8061.) Section 5686, Revised Codes, provides: "A surety is exonerated: (1) In like manner with a guarantor. (2) To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights,

or which lessens his security; or (3) to the extent to which he is prejudiced by an omission of the creditor to do anything, when required by the surety, which it is his duty to do." In the absence of any showing that the surety was, or indeed could have been, injured or prejudiced by these changes, he was not released from liability, under subdivisions 2 or 3 of the section above. Was he released under subdivision 1? Section 5673, Revised Codes, provides: "A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is *altered in any respect,* or the remedies or rights of the creditor against the principal, in respect thereto, in any wise impaired or suspended." Standing alone, this section would warrant the release of the surety in this instance; but the next section provides: "Sec. 5674. A promise by a creditor, which for any cause is void, or voidable by him at his option, does not alter the obligation, or suspend or impair the remedy, within the meaning of the last section." If Dodd had received any consideration for reducing the rent from August 20 to November 20, 1903, or for permitting Vucovich to pay the rent in monthly installments, then clearly Casey would have been released, under the provisions of section 5673 above; but, since the record discloses that the concessions made by Dodd were promises without considerations, and therefore void as to him, they did not operate to release the surety. (Revised Codes, sec. 5674.)

There is also some suggestion that the surety was released by reason of the fact that Dodd permitted other tenants to occupy the premises during the term mentioned in the lease. It would seem from the record that some time prior to April 7, 1904, Vucovich failed in business; that the sheriff was in possession for one month; and that Barnet Bros. were in possession the remainder of the term. But these people were not tenants under the lease at all. The lease was not modified or changed in any respect to permit them to occupy the premises; but, Vucovich having failed, the plaintiff appears to have let these par-

ties into possession in order to minimize the damages recoverable on the bond.

We think the district court erred in granting the nonsuit, and made a proper correction of the error in granting plaintiff a new trial. The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.