DAVENPORT, RESPONDENT, *v.* DAVENPORT, APPELLANT.

(No. 5,357.)

(Submitted January 7, 1924. Decided January 16, 1924.)

[222 Pac 422.]

*Divorce—Trial—Continuance—Absent Witnesses—Attorney and Client—New Trial—Contempt—Appeal and Error—Record —Absence of Testimony—Presumptions.*

Trial—Continuance—Absence of Necessary Witness—Affidavit—Contents.
  1.  The affidavit on application for a continuance on the ground of the absence of a necessary witness must show that due diligence was exercised by the applicant to procure the evidence of the witness, set forth the substance thereof, and that the witness if present will testify.

Same—Divorce—Continuance—Absence of Defendant as Witness—Insufficient Affidavit.
  2.  Where a continuance was sought in a divorce action on the ground that defendant, a necessary witness, was unable to be present because of her inability to defray the expense of travel, refusal thereof was proper in the absence of a showing that her financial condition would improve in the meantime, and of an excuse for failure to have her deposition taken.

Equity—New Trial—Improper Grounds.
  3.  In an equity case and in one tried by the court without a jury, the insufficiency of the evidence to justify the decision and errors at law occurring at the trial are not available as grounds for a new trial.

Divorce—Setting of Cause—Notice to Attorney is Notice to Client.
  4.  Notice to the attorney of defendant in a divorce action of the setting of the cause for trial was notice to her, and therefore a new trial asked for on the ground that she herself did not have notice was properly refused.

Same—Attorney and Client—Authority—Presumptions.
  5.  Where an attorney appeared at the trial of a suit for divorce and his authority to do so was not questioned, the presumption will be indulged that he acted with the consent of his client and by virtue of his retainer.

Attorney and Client—Stipulations made by Attorney Binding upon Client.
  6.  An attorney has authority to enter into a stipulation for the setting of a cause for trial, and his client is bound thereby.

Contempt—Punishment—Limitation upon Power of Court.
  7.  While the general rule is that a litigant in contempt of court will be denied any favors or privileges which the court may extend to litigants, it is limited in its application to the proceedings in the cause in which the contempt occurred, and therefore may not be

  2.  Continuance to procure witness who is beyond the jurisdiction, see note in L. R. A. 1918E, 527.

[69 Mont. 405.]

invoked in an action other than the one in which the alleged contempt was committed.

Same.

8.    Courts may not extend the punishment for contempt beyond fine and imprisonment, or both, by either refusing to try a cause because plaintiff was in contempt of another court or granting defendant a new trial because of the same contempt.

New Trial on Minutes of Court and Affidavits—What Court may Consider in Passing upon Motion.

9.    In passing upon a motion for a new trial made on the minutes of the court and affidavits filed in support thereof, the court is not bound to take the uncontroverted affidavits as true, but may take into consideration the pleadings, records and evidence, and have recourse to the notes of the court reporter.

Appeal and Error—Absence of Testimony from Record—Presumption.

10.    Where the testimony taken in a cause is not incorporated in the record, it must be assumed on appeal that it sustains the judgment.

Divorce—Dismissal of Action by Plaintiff—New Action in Another Court—When not Improper.

11.    Where defendant in an action for divorce did not interpose a counterclaim or ask for affirmative relief in her answer, plaintiff, under section 9317, Revised Codes, could properly dismiss the action before trial, after he had been ordered to pay alimony, and commence a new action in another county without being open to the charge of sharp practice.

Same—Alimony and Suit Money—Order of Court in One District not Enforceable by Court in Another District.

12.    An order made by the district court in an action for divorce requiring plaintiff (husband) to pay alimony and suit money, which action was thereafter dismissed by him, was not enforceable by the court of another county in which he had commenced a second action.

Same—New Trial—Unavoidable Absence of Defendant—Affidavit—Insufficiency.

13.    Where the affidavit of defendant in a divorce action filed in support of her motion for a new trial asked for on the ground of her unavoidable absence at the trial because of lack of funds did not disclose that she would be present or have her deposition taken if another trial should be had, nor that she would apply to the court for alimony or suit money, it was insufficient to show abuse of discretion in denying it.

Attorney and Client—Repudiation of Acts of Attorney by Client not Permissible.

14.    A party litigant cannot repudiate the acts of his duly retained attorney done within the scope of his employment.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

---

11.    Pendency of suit for divorce or separation as bar to another suit in same state, see notes in **Ann. Cas.** 1914A, 1140; 40 **L. R. A. (n. s.)** 83.

Discussion of questions relating to suits for same cause in different jurisdictions, see note, in 59 **L. R. A.** 187.

ACTION by Donnell Davenport against Delia A. Davenport. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. Henry C. Smith,* for Appellant, submitted a brief and argued the cause orally.

In the case of *Vannerson* v. *Pendleton,* 8 S. & M. (Miss.) 452, the court said: ''The absence of a party from court from unavoidable circumstances may be good ground for a new trial, and in such cases the application will be watched with jealousy, and the power exercised with caution; but if there is no reason to believe that the cause is feigned, a new trial will be granted to prevent a failure of justice.'' (See, also, *McCormick Harvesting M. Co.* v. *Merchant,* 11 Utah, 68, 39 Pac. 483; *Robertson* v. *Williams,* 81 Cal. 268, 22 Pac. 665; *Turner* v. *Booker,* 2 Dana (Ky.), 334; *Haber* v. *Lane,* 45 Miss. 608; *Hannah* v. *Indiana Cent. Ry. Co.,* 18 Ind. 431; *Albright* v. *McTighe,* 49 Fed. 817; *Cleveland Nat. Bank* v. *Reynolds,* 76 Ga. 834; *Edsall* v. *Ayres,* 15 Ind. 286; *Tegeler* v. *Jones,* 33 Iowa, 234; *Chicago & G. T. Ry. Co.* v. *Judge, etc.,* 89 Mich. 549, 50 N. W. 879; *Lanius* v. *Shuber,* 77 Tex. 24, 13 S. W. 614; *Smith* v. *Rawlings,* 83 Va. 674, 3 S. E. 238; *Hinmen* v. *Paper Co.,* 53 Wis. 169, 10 N. W. 160.)

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David R. Smith,* for Respondent, submitted a brief; *Mr. Paul W. Smith* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 11, 1922, plaintiff instituted this action in the district court of Yellowstone county to secure a divorce upon the ground of defendant's desertion. Henry A. Chapple, an attorney at Billings, appeared for the defendant and interposed a general demurrer, which was overruled. Later an answer was filed, which denied generally the allegations of the complaint which charged desertion. The cause, being at issue, was

set for trial for November 16, but by stipulation entered into by counsel for the respective parties on October 31, the trial was reset before the court without a jury for November 28. On the morning of November 28, Mr. Chapple presented to the court a motion for a continuance on the ground of the absence of defendant. The motion was based upon Mr. Chapple's affidavit, which recited that plaintiff had commenced another action in the district court of Park county; that such proceedings had been had therein that an order of court was made requiring plaintiff to pay to defendant certain sums of money for support, costs and counsel fees; that plaintiff had not complied with the order; that defendant resided in California, and was without means to defray the expense of a trip to Billings, and by reason thereof was unable to be present at the trial on November 28. The motion was overruled and the trial proceeded, resulting in a judgment in favor of plaintiff. Later defendant gave notice of her intention to move for a new trial upon the minutes of the court and affidavits to be filed. In support of the motion affidavits were filed as follows: One by George W. Pierson, one by defendant, one by defendant's sister, Mrs. Julia Albright, and one by Henry Albright, the husband of Julia Albright. The motion was thereafter heard and overruled, and defendant appealed from the judgment.

1. It is insisted that the court erred in refusing a continuance. It is not contended, and could not be contended, that it was indispensable that defendant, as a party litigant, be personally present at the trial. (Sec. 9331, Rev. Codes 1921.) [1] It is only upon the theory that defendant was a necessary witness that the argument is advanced in support of the contention that a continuance should have been granted.

Section 9332, Revised Codes of 1921, provides: "A motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it." It will be observed that in order to

secure a continuance upon the ground of absence of evidence, two things must be made to appear by affidavit: First, that the absent evidence is material; and, second, that due diligence has been exercised to procure it. The application fails to meet either of these requirements. Upon consideration of the motion the court must determine whether the evidence is material, and in order that it may do so it is necessary that the substance of it, at least, be set forth in the affidavit. (13 C. J. 185, sec. 133, and cases cited.) In this instance the affidavit does not contain any reference to the evidence which defendant would give if present; indeed, it does not suggest that, if present, the defendant would testify at all. In the respects indicated, the application is fatally defective. It ignores the plain provisions of section 9332 above.

Neither does the application meet the requirement that the [2] affidavit show that due diligence was exercised to procure the evidence. It is recited that in another action instituted in Park county plaintiff had been ordered to pay money for defendant's support and expenses of litigation, and that he failed to obey the order; but it does not appear when the action was instituted, when the order was made, or whether defendant had taken any steps to have the order enforced. It is recited that a hearing was had in November, 1922, prior to the day set for the trial of this case, but the result of that hearing is not indicated. The statute (sec. 5769, Rev. Codes 1921) provides ample means by which in this action the defendant could have secured from plaintiff the money necessary for her expenses; but the record is barren of any intimation that she invoked the remedy afforded her.

Again, there is not any intimation that, if a continuance had been granted, defendant's financial condition would have improved in the meantime, or that she would have been present at a later date, and for this reason the continuance was properly denied. (*Beckman* v. *Waters,* 161 Cal. 581, 119 Pac. 922.)

The statute makes provision for taking the deposition of a witness beyond the jurisdiction of a court, but no excuse is offered for the failure to have the deposition of defendant, although ample time intervened for that purpose.

2. The other assignment relied upon is that the court erred in denying defendant a new trial. Section 9397, Revised Codes of 1921, authorizes a new trial upon any one or more [3] of seven grounds therein enumerated; but section 9396 provides that in equity cases, and in cases tried to the court without a jury, only the first, third and fourth grounds are available. In this instance the notice of intention specifies the first, third, sixth and seventh grounds enumerated in section 9397; but, as this is a suit in equity and was tried to the court without a jury, the last two grounds relied upon were not available.

In his brief the present counsel for defendant insists that the court abused its discretion in denying the motion for a new trial, and in support of that contention lays stress upon the following circumstances:

(a) The cause was tried without notice to defendant that [4–6] it had been set for trial. In her affidavit defendant stated that she did not have any notice whatever that the cause had been set for trial; but she does not challenge the authority of Mr. Chapple to act as her attorney or intimate that he was not duly retained by her. Since he appeared for her and his authority is not questioned, the presumption will be indulged that he acted with her consent and by virtue of his retainer. In view of that presumption, her statement above becomes immaterial. Notice to her attorney was notice to her. (6 C. J., p. 638, sec. 144.) The cause was set for trial for November 28 upon the stipulation made by her attorney, and his authority to make the stipulation and bind her by it is beyond question. (Sec. 8974, Rev. Codes 1921; *Washoe Copper Co.* v. *Hickey,* 46 Mont. 363, 128 Pac. 584.)

(b) The case was tried while plaintiff was in contempt of [7] the Park county court. While it is somewhat difficult to

determine from the conflicting statements contained in the affidavits whether plaintiff was in fact in contempt of the Park county court at the time this cause was tried in Yellowstone county, for the purposes of this appeal we resolve the doubt in favor of the defendant, but it does not follow that a new trial should have been granted. It may be said to be a general rule that a litigant, while in contempt of court, will be denied any favor or privilege which the court might properly extend to litigants generally; but the rule is limited in its application to the proceedings in the cause in which the contempt occurred. (13 C. J., p. 91, sec. 139.) The trial of a cause at issue is not a favor or privilege but a right guaranteed by the Constitution. (Sec. 6, Art. III, Const., Mont.) Section 9917, Revised Codes [8] of 1921, prescribes the punishment which may be imposed upon one guilty of contempt of court. That punishment may be a fine, imprisonment, or both fine and imprisonment, and courts are without authority to extend the punishment. (*Dunlavey* v. *Doggett,* 38 Mont. 204, 99 Pac. 436.) If the lower court had refused to try this case because plaintiff was in contempt of another court, it would have denied a right to which plaintiff was entitled; or, if it had granted a new trial because plaintiff was so in contempt, in effect it would have imposed a penalty not authorized by law. (*Harley* v. *Montana Ore Pur. Co.,* 27 Mont. 388, 71 Pac. 407.) The case of *Zimmerman* v. *Zimmerman,* 7 Mont. 114, 14 Pac. 665, was decided prior to the adoption of our Constitution, and the conclusion therein reached was doubtless justified by the Act of Congress relied upon. Under our present Constitution and statutes the decision is without force or effect as a precedent.

(c) The statements contained in the affidavits in support of [9] the motion for a new trial were not controverted, and counsel for defendant argues that the trial court was bound to consider them to be true, and, if true, they disclosed that defendant did not desert the plaintiff in June, 1919, or at all. But counsel overlooks the fact that the motion for new trial was made upon the minutes of the court as well as upon affi-

davits. Section 9400, Revised Codes of 1921, provides that upon the hearing of a motion for a new trial "reference may be had in all cases to the pleadings and the orders of the court on file, and, when the motion is made on the minutes, reference may also be had to any depositions and documentary evidence offered at the trial and to the proceedings on the trial, and, when necessary, reference may be had to the notes of the court reporter." In *State ex rel. Cohn* v. *District Court*, 38 Mont. 191, 99 Pac. 139, this court said: "Upon a motion for a new trial made upon the minutes of the court, the trial court may take into consideration all the pleadings, records, minute entries, and the evidence offered at the trial and, from the entire case thus presented, determine the motion; and in such event it is not even necessary that the stenographer's notes of the trial proceedings be transcribed, if the presiding judge can remember the evidence and the proceedings sufficiently to enable him to pass upon the motion."

The testimony taken upon the trial of this case is not before [10] us, hence it must be assumed that it sustains the judgment. (*Gow* v. *Cascade Silver Mines & Mills Co.,* 66 Mont. 488, 213 Pac. 1092.) We have no means of knowing how many witnesses testified in support of the allegations of the complaint, but we are advised that the evidence was sufficient to convince the court that the charge of desertion was established. The judgment recites that the cause came on regularly for trial: "Messrs. Collins & Wood appearing for the plaintiff in said action, and Henry A. Chapple, Esq., appearing for the defendant, and evidence having been introduced, and the said action having been regularly tried, and it appearing to the court that each and every of the allegations in plaintiff's complaint contained are true, and the court having so found, and the law and the facts being by the court fully understood and considered: Now, therefore, upon motion of Messrs. Collins & Wood, attorneys for the plaintiff herein, and by virtue of the court's findings in the premises, it is adjudged and decreed that the bonds of matrimony heretofore and now existing be-

tween the plaintiff and the defendant be and the same are hereby dissolved, and the parties so named freed from the obligations thereof.''

With the evidence taken upon the trial and the affidavits filed on behalf of the defendant before the court for consideration, the utmost that can be said is that there was presented a direct conflict between the testimony of plaintiff's witness or witnesses given in open court, subject to the liberal rules of cross-examination on the one hand, and the *ex parte* statements of those who made the affidavits on the other. With that record before it, the court must have concluded that probably a different result would not be reached if a new trial were granted, and we cannot say that the conclusion was not justified.

(d) There is the suggestion made that by first instituting [11] his suit for divorce in Park county, then dismissing it after he had been ordered to pay alimony, and commencing the present action in Yellowstone county plaintiff was guilty of sharp practice, if not fraud. But section 9317, Revised Codes of 1921, authorizes a plaintiff to dismiss his action at any time before trial, if a counterclaim has not been made or affirmative relief sought in the answer of the defendant. The answer in this case did not contain a counterclaim or ask for any affirmative relief, and in dismissing the action plaintiff but exercised a right expressly conferred upon him by statute.

(e) Finally, it is insisted that a new trial should have been [12, 13] granted because of the unavoidable absence of defendant from the trial. Assuming that a *prima facie* case of unavoidable absence is made out, it is significant that defendant does not disclose that she will be present or have her deposition or depositions of her witnesses present if another trial should be had. In her affidavit she says ''that, if the plaintiff is compelled to furnish sufficient funds with which to employ counsel and procure depositions or attendance of witnesses,'' she will be able to produce the testimony in support

of her contention that she did not desert the plaintiff. But the Yellowstone county court could not enforce the order made by the Park county court requiring plaintiff to pay alimony, suit money, and counsel fees (6 R. C. L., p. 520, sec. 33), and plaintiff did not apply to the Yellowstone county court, and does not intimate that she will apply to that court for an allowance such as is authorized by section 5769, Revised Codes of 1921.

In his brief the present counsel for defendant says: "It will not do to say that she [defendant] is bound by the actions of her attorney, and that on that account she is forever barred from protecting her marital status, and must submit to be discarded without a hearing." Counsel cannot mean that a divorce was granted in this instance without a hearing; the utmost that can be said is that defendant was not personally present at the hearing, though she was represented by counsel of her own choosing. We cannot agree with counsel's contention. It would be an intolerable situation, and there never [14] would be an end to litigation, if a party litigant were permitted to repudiate the acts of his duly retained attorney performed within the scope of his employment.

The motion for a continuance as well as the motion for a new trial was addressed to the sound discretion of the trial court, and upon the record here presented this court cannot say that that discretion was abused.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE GALEN concur.

MR. JUSTICE STARK, deeming himself disqualified, takes no part in the foregoing decision.

MR. JUSTICE COOPER, being absent, did not hear the argument and takes no part in the foregoing decision.