No. 13407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

CREDIT COUNSELLORS, INC.,

       Plaintiff- Respondent,

v.

NEWT ALCORN,

       Defendant-Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
       Honorable R. J. Nelson, Judge presiding.


Counsel of Record:

    For Appellant: Angstman & Gilbert, Havre, Montana
               Gary W. Gilbert argued

    For Respondent: J. Vaughn Barron, Great Falls, Montana.

---

Submitted: June 1, 1977
Decided : JUL - 1 1977

Filed: JUL 1 1977

*Thomas J. Kearney*
_____
              Clerk.

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This is an appeal from the district court judge's refusal to set aside a default judgment entered in Cascade County, January 13, 1976.

Complaint was filed March 6, 1973 to collect the sum of $6,275.92 with interest on several accounts: (1) Rail Ops Credit Union of Salt Lake City, Utah, a promissory note with a balance of $3,432.18; (2) Mountain Bell Telephone, Salt Lake City, Utah, open account $54.77; (3) Anthony's, Great Falls, Montana, insufficient funds check for $30; (4) Freed Motor Co., Salt Lake City, Utah, unpaid account for merchandise $2,508.35.

A motion to dismiss was filed April 16, 1973. The motion was summarily overruled on May 3, 1973. A motion for default was filed May 30, 1973 for failure of defendant to plead. The motion was set for hearing on June 13, 1973. On June 12, 1973, an answer was filed in the form of a general denial and a demand for jury trial. On March 12, 1974, a notice of readiness for trial was filed. On April 19, 1974 trial without a jury was scheduled for April 24, 1974 at 11:00 a.m. on that day. The transcript shows this setting was vacated at the request of defendant's counsel. On June 11, 1974, a second notice of readiness for trial was filed, apparently no trial was scheduled and a third notice of readiness was filed August 6, 1974. On February 21, 1975 the court scheduled trial without jury for March 20, 1975, at 3:00 p.m. On March 19, 1975 an order issued setting a pretrial conference for March 20, at 3:00 p.m. From the transcript, it appears the change was made from trial to pretrial at the request of defendant's counsel because it was to be a jury trial.

Defendant flew from Billings to be at the trial and was accompanied by three witnesses, one of whom came from Salt Lake City.

At the pretrial, attended by attorneys for both parties on March 20, 1975 at 3:00 p.m., the issues were defined by the court as: Suit on promissory note with Credit Union--Unpaid balance at date of suit 3/6/73-$3432.18, plus interest and costs; Mountain Bell claim at date of suit $54.77, plus interest; Anthony's claim $30.00, plus interest; and, Freed Motor Co. $2508.35, plus interest. The defense tendered was a general denial.

On December 2, 1975 an order was made that on December 16, 1975 at 2:00 p.m. the court would settle preliminary instructions, draw jurors and set a trial date. On December 16, 1975, an order was made to the clerk with copies to counsel that 23 jurors were to report for duty on Monday, January 12, 1976 at 9:30 a.m. for the trial of said cause. On December 2, 1975 preliminary instructions were drafted by the judge and filed.

On January 12, 1976 the case was called for trial with 20 jurors present, together with plaintiff and counsel. Defendant did not appear in person or by counsel at 9:30 a.m. Court adjourned the matter until 10:00 a.m. At 10:00 a.m. the court took testimony and found plaintiff entitled to judgment for $6,275.92,being the principal and interest due and owing at the time the complaint was filed together with the suit costs when filed March 6, 1973, and interest from March 6, 1973 to January 13, 1976 of $1,066.92, for a total demand of $7,342.84, together with costs.

The court further found defendant owed: (1) Rail Ops Credit Union of Salt Lake City, Utah, $3,432.18 with interest from the 12th day of June, 1967; (2) Mountain Bell of Salt Lake City, Utah, $54.77 with interest from April 1970; (3) Anthony's of Great Falls, Montana, $30 with interest from January 1970; and, (4) Freed Motor Co. of Salt Lake City, Utah, $2,508.35 with interest from August 4, 1971; or a total of $7,342.84.

On February 25, 1976 defendant with a new attorney filed a motion to set aside default judgment entered January 13, 1976, together with an affidavit of defendant that the judgment was entered against him through mistake, inadvertence, surprise and excusable neglect in that his attorney failed to notify him of the trial date. On March 17, 1976 a hearing was held and defendant testified his attorney did not notify him of the trial and that he had been ready with his witnesses on March 20, 1975. His new attorney stated that the defense, apparently against the Freed Motor Co. claim only, would be that a repossessed car was sold without notice to defendant and an amount applied by Freed to the note balance, but defendant had a witness who would testify the car was sold for an amount enough to pay off what was supposedly owed on both cars covered by the note, if properly applied. Plaintiff's attorney objected that this would be an affirmative defense not raised in the answer or the pleadings and not an issue.

On March 30, 1976 the trial judge denied the motion to set aside the default judgment. Defendant's notice of appeal was filed on April 29, 1976. On May 10, 1976, a cost bond on appeal was filed. Transcript on appeal was filed June 16, 1976. On October 14, 1976, a motion to dismiss appeal was filed under

- 4 -

Rule 26(c), M.R.App.Civ.P. for appellant's failure to file his brief on appeal. Appellant's brief on appeal was filed February 14, 1977.

The issue presented is whether the trial judge abused his discretion in denying the motion to set aside the default judgment under Rule 60(b), M.R.Civ.P.

First, we note that no defense is made as to three of the four claims making up the judgment.

Second, the only fact presented to move the discretion of the trial judge was that the attorney for defendant failed to notify the defendant of the trial and failed to appear at the trial.

Rule 60(b), M.R.Civ.P., provides in part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

It is axiomatic requiring no authority that appellant must show the trial judge abused his discretion in failing to grant the motion to set aside the judgment.

In Davenport v. Davenport, 69 Mont. 405, 410, 222 P. 422, this Court stated:

> "* * * The cause was tried without notice to defendant that it had been set for trial. In her affidavit defendant stated that she did not have any notice whatever that the cause had been set for trial; but she does not challenge the authority of Mr. Chapple to act as her attorney or intimate that he was not duly retained by her. Since he appeared for her and his authority is not questioned, the presumption will be indulged that he acted with her consent and by virtue of his retainer. In view of that presumption, her statement above becomes immaterial. Notice to her attorney was notice to her." 69 Mont. 410.

Also Rule 60(b),M.R.Civ.P., provides for excusing the party or "his legal representative".

- 5 -

As stated in Rieckhoff v. Woodhull, 106 Mont. 22, 32, 75 P. 2d 56:

> "* * * Assuming that this situation establishes neglect on the part of the attorneys, the record fails to show any excuse therefor. The neglect of his attorneys was the neglect of the plaintiff, and, unless excused, no relief may be granted under this section. (First State Bank v. Larsen, 72 Mont. 400, 233 Pac. 960.)". 106 Mont. 32.

So it is in the instant case. There is no showing of what excuse the attorney for defendant may have had to not appear for jury trial or to apprise the defendant of the trial date. In the absence of such evidence the trial judge would not have the power to set aside the default judgment, there being no evidence to move his discretion.

Therefore, the judgment is affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices.

- 6 -