[No. 14789.   Department One. — December 8, 1892.]

## L. B. DOUGLASS, Appellant, *v.* W. A. TODD, Respondent.

96   655
119   588

96   655
138   354

Vacating Judgment by Default — Affidavit of Merits — Counter-affidavits. — Where a sufficient affidavit of merits is filed upon a motion to set aside a judgment entered upon default, to show a defense to one of the causes of action stated in the complaint it is not proper practice to permit the facts stated in defendant's affidavit relative to his defense to be rebutted by counter-affidavits. The court will not try the merits of the case upon affidavits, and will hear counter-affidavits only upon the question as to the excuse for permitting the default.

Id. — Excuse for Neglect — Erroneous Advice of Counsel. — Erroneous advice of counsel as to the law applicable to the facts upon which a defendant in an action relies as a defense is a sufficient ground for setting aside a default judgment which the defendant allowed to be taken against him because of his reliance upon the erroneous advice given him.

Id. — Mistake of Law — Construction of Code. — Relief on the ground of mistake, under section 473 of the Code of Civil Procedure, is not confined to mistakes of fact, but that section is broad enough to justify the action of the court in relieving a party from a mistake of law on the part of his attorney, when, by his reliance upon it, he is prevented from making any defense.

Id. — Discretion as to Relief for Mistake of Law. — In relieving a party to an action from a mistake of law, the trial court should exercise a sound discretion controlled by an enlightened judgment, keeping in view public interests and the due and orderly administration of the law.

Id. — Condition of Relief — Subjection of Property to Plaintiff's Claim. — Where a default judgment is set aside by the trial court, it is proper to impose terms which leave the plaintiff secure in his right to subject certain property of the defendant to the satisfaction of any judgment he may obtain.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating a default judgment.

The facts are stated in the opinion.

*George D. Collins,* for Appellant.

The setting aside of the default was an abuse of discretion, and the order should be reversed. (*Kern* v. *Straussberger,* 71 Ill. 413; *Davis* v. *Chalfant,* 81 Cal. 631; 15 Am. St. Rep. 88; *Haight* v. *Green,* 19 Cal. 118; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Ekel* v. *Swift,* 47 Cal. 620; *Huart* v. *Goyeneche,* 56 Cal. 430; *Dunlap* v. *Steere,* 92 Cal. 355; *Mastick* v. *Thorp,* 29 Cal. 445; *Boston* v. *Haynes,* 33 Cal. 31; *Zellerbach* v. *Allenberg,* 67 Cal. 296; *Smith* v. *Tunstead,* 56 Cal. 177; *Matthis* v. *Town,* 62 Mo. 504; *Kreite* v. *Kreite,* 93 Ind. 586; Hayne on New Trial and Appeal, secs. 80, 351; *Morgan* v. *Houston,* 25 Vt. 570; *Fuller* v. *Hutchings,* 10 Cal. 526.) Equity will never relieve a party from the consequences of a naked mistake of law, even if resulting from the erroneous advice of counsel. (*McDaniels* v. *Bank,* 70 Am. Dec. 406; *Kenyon* v. *Welty,* 20 Cal. 641; 81 Am. Dec. 137; *Christy* v. *Sullivan,* 50 Cal. 339; 1 Story's Eq. Jur., secs. 111, 120, 137, 138, et seq.) Ignorance of law is not mistake. (*McDaniels* v. *Bank,* 70 Am. Dec. 406, 411, 412.) Although an order vacating a default will not be disturbed upon appeal, unless a clear abuse of discretion is shown, yet the discretion must be exercised, not in accordance with the individual notion of justice that the judge of the court may entertain, nor *ex gratia,* but in obedience to and in accordance with the established rules of law. (*Freeman* v. *Tranah,* 12 Com. B. 413, 414; *Bailey* v. *Taaffe,* 29 Cal. 424.)

*Boyd, Fifield & Hoburg,* for Respondent.

The granting of the order was in the discretion of the trial court, and will not be disturbed upon appeal. (*Underwood* v. *Underwood,* 87 Cal. 523; *Reinhart* v. *Lugo,*

86 Cal. 395; 21 Am. St. Rep. 52; *Chamberlin* v. *County of Del Norte*, 77 Cal. 150; *Lodtman* v. *Schluter*, 71 Cal. 94; *Dougherty* v. *Nevada Bank*, 68 Cal. 275; *Hitchcock* v. *McElrath*, 69 Cal. 635; *Cameron* v. *Carroll*, 67 Cal. 500; *Huart* v. *Goyeneche*, 56 Cal. 429; *Davis* v. *Rock Creek etc. Co.*, 55 Cal. 359; 36 Am. Rep. 40; *Freeman* v. *Brown*, 55 Cal. 465; *Santa Barbara etc. Co.* v. *Thompson,* 46 Cal. 63; .*Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 17; *Howe* v. *Independence Co.*, 29 Cal. 73; *Woodward* v. *Backus*, 20 Cal. 137.)    The mistake of the respondent, arising from the erroneous advice of his counsel, was a mistake which might be excused and relieved against. (*Baxter* v. *Chute,* 52 N. W. Rep. 379; *Whereatt* v. *Ellis*, 70 Wis. 207; 5 Am. St. Rep. 164; *Davis* v. *Rock Creek etc. Co.*, 55 Cal. 359; 36 Am. Rep. 40.)    Mistake of law, as well as of fact, will be considered. (*Remington* v. *Higgins,* 54 Cal. 620.)

HAYNES, C.—Appeal from an order vacating a judgment entered against defendant upon default.

The affidavit of defendant stated facts showing a sufficient defense to plaintiff's action, at least as to the first cause of action.

Plaintiff filed a counter-affidavit, which it is contended rebuts the facts stated in defendant's affidavit.

It is well settled that a default will not be set aside unless a sufficient affidavit of merits is filed; but proper practice does not permit the facts stated in defendant's affidavit, which constitute his defense to the action, to be rebutted by counter-affidavits.   The court will not try the merits of the case upon affidavits, but will hear counter-affidavits as to the excuse for permitting the default. (*Francis* v. *Cox*, 33 Cal. 323; *Gracier* v. *Weir*, 45 Cal. 53.)

Defendant's affidavit, after fully stating the facts constituting his defense to the action, alleged, as the reason why he permitted a default to be taken against him, that as soon as he was served with the summons he consulted an attorney, whose name he gives, and explained to him the facts stated in his affidavit, and was advised by said

attorney that he had no defense, and believing and relying upon said advice, did not answer the complaint.

Appellant does not deny in his counter-affidavit that respondent received that advice, but denies that he made default for that reason, and alleges that it was because he supposed himself to be " execution-proof." It is not probable that if that was the reason why he permitted a default to be taken that he would have consulted an attorney in regard to a defense to the action; but having done so, and having been advised that he had no defense, it is quite natural that he should assert to plaintiff that he " could hang his judgment on the wall," — that he could n't collect it.

Appellant contends, however, that the erroneous advice of counsel as to the law of the case upon which the defendant relied, and because of which he supposed the default to be taken, is not a sufficient ground for setting it aside.

We are not referred by counsel to any case where this precise question has been decided by this court. Appellant cites cases where it is held that the negligence of the attorney will not avail to set aside a default, and contends that therefore his ignorance will not avail.

Ignorance is often the result of negligence, though it cannot always be attributed to that cause.

Defendant was not guilty of any negligence. Had he relied upon his own judgment as to the law applicable to the fact of his case, it might have been negligence. But he went to a practicing attorney, and had a right to suppose him to be competent, and was justified in acting upon his advice.

Section 473 of the Code of Civil Procedure is broad enough to justify the action of the court below in relieving a party from a mistake of law on the part of his attorney, when, by his reliance upon it, he is prevented from making any defense.

The language of this section does not limit the relief to mistakes of fact.

Section 1576 of the Civil Code is as follows: " Mistake may be either of fact or law." So that it would seem clear that in using the word " mistake " in section 473 of the Code of Civil Procedure, without any qualification, it was intended not to restrict the court in granting relief in furtherance of justice to that kind of mistake which involves only facts. That this was the intention of the code commissioners is plain from their note to section 1576 of the Civil Code. They said: " This chapter undoubtedly modifies the rule heretofore existing in this state as to mistake of law. . . . . The rule that no relief should ever be granted on the ground of mistake of law seems too harsh, and in some cases might work great hardship. There is, however, no doubt but that relief upon this ground must be granted with extreme caution, and only in a limited class of cases."

In *Whereatt* v. *Ellis,* 70 Wis. 207, 5 Am. St. Rep. 164, the *syllabus,* which correctly states the point decided, is as follows: " Where judgment for a considerable sum has been taken upon a default which was caused by the defendant following in good faith the advice of his attorney, and a meritorious defense is. alleged, the court, upon application duly made, should grant a trial or hearing upon the merits upon such terms or conditions as to do no injustice to the plaintiff; and a refusal to grant such hearing is an abuse of discretion." (See also *Morgan* v. *Bishop,* 61 Wis. 410, and *Hanson* v. *Michelson,* 19 Wis. 498.)

In *Baxter* v. *Chute,* the supreme court of Minnesota, in an opinion filed June 13, 1892 (52 N. W. Rep. 379), where a default was suffered because of the ill advice of counsel, reversed the order refusing to set aside the default, and held that " a mistake of law may afford ground for relief as well as a mistake of fact." To the same effect is *Brown* v. *Brown,* 37 Minn. 128. In both these states the language of the statute as to the ground of relief is the same as ours.

Of course, it does not follow that all mistakes of law are to be relieved against. A sound discretion con-

trolled by an enlightened judgment, keeping in view public interests and the due and orderly administration of the law, is to be exercised in granting that relief which justice between the parties to the cause seems to require.

The view we have taken and the authorities above cited are not inconsistent with the cases cited by appellant. Most of those cases were bills in equity to be relieved against judgments based upon circumstances materially different from the case at bar. None of them decide that equity will not relieve in proper cases. *Smith* v. *Tunstead*, 56 Cal. 177, is much relied upon by appellant. That was a case of negligence on the part of the attorney. The court said: "*In such cases as this,*" parties are held not entitled to relief on account of the negligence of their attorneys. If in no case parties were relieved from the negligence of their attorneys, there would be much force in appellant's argument that no relief could be had against their mistakes. But relief is granted against the negligence of the attorney, where it is excusable, and therefore appellant's argument fails.

The terms upon which the order appealed from was granted, leaving as it does the plaintiff secure in his right to subject certain property of the defendant to the satisfaction of any judgment he may obtain, was proper, and prevents any injustice which might otherwise result to him.

The order appealed from should be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

HARRISON, J., PATERSON, J., GAROUTTE, J.

Hearing in Bank denied.