(37 App. Div. 465.)

## McCREDY v. THRUSH.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. INSURANCE — LLOYD'S POLICY — UNDERWRITERS' LIABILITY — ATTORNEY IN FACT.

A Lloyd's policy provided that no action should be brought thereon except as against the attorney in fact of all the underwriters, who agreed to abide the result of such suit as fixing the individual liability of each. *Held*, that the assured was entitled to sue such attorney in fact for the whole loss sustained, and in that action have the individual liability of each underwriter determined.

**2. SAME—JUDGMENT AGAINST ATTORNEY—EFFECT—RES JUDICATA.**

A Lloyd's policy provided that each underwriter should be liable for one-sixteenth of the loss, and that no action should be brought except against one of their number as attorney in fact for all. A loss having been sustained, plaintiff sued the attorney in fact in his representative capacity, but demanded judgment only for his share of the loss, which was recovered and satisfied. *Held*, that plaintiff was precluded by such judgment and satisfaction from thereafter suing the other underwriters.

Action by Charles A. McCredy against Henry Thrush. There was a judgment for plaintiff, and defendant moved for a new trial on exceptions. Motion ordered to be heard at the appellate division. Exceptions sustained, and new trial ordered.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, BARRETT, RUMSEY, and INGRAHAM, JJ.

Menken Bros. (Percival S. Menken, of counsel), for the motion.
Lorenzo Semple, opposed.

INGRAHAM, J. This action was brought to recover the amount of the loss sustained by the plaintiff under a policy of insurance whereby certain underwriters, represented by and acting through Daniel Woodcock, as attorney in fact, agreed to insure the plaintiff's assignor against all loss or damage by fire to certain specifically described property, to an amount not exceeding $2,000. This policy contained the following provision:

"No action shall be brought to enforce the provisions of this policy except against the general manager, as attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility hereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited; but in no case shall the judgment bind the property of the said general manager to a greater extent than his liability as an individual underwriter."

The underwriters' names were subscribed to the policy, and each underwriter undertook to be liable for the sum of $142.85. The complaint alleges the execution and delivery of the policy of insurance, the destruction by fire of the property insured, and that by reason thereof there became due to the insured from the defendant the sum of $142.85. It alleges the provision of the policy before referred to, and the assignment of the claim to the plaintiff; that in the month of December, 1896, an action was brought in this court by the plaintiff against the said Daniel Woodcock, as such attorney in fact, to recover from him the amount due from one individual underwriter under said policy of insurance according to the terms thereof, in which complaint the plaintiff set forth the above allegations as to the issuing of the policy, the loss thereunder, and the liability of the underwriters thereunder; that the said Daniel Woodcock was duly served with the summons and complaint in said action; that he appeared therein by attorney, and judgment was therein entered in favor of this plaintiff and against said defendant for the sum of

$142.85, principal, with interest thereon from the 1st day March, 1896, with the costs of said action. The answer, after putting in issue certain of the allegations of the complaint, upon information and belief denies the allegation that in the month of December, 1896, an action was brought in this court by this plaintiff against the said Daniel Woodcock, as such attorney in fact, to recover from him the amount due from one individual underwriter under said policy of insurance according to the terms thereof; and for a separate defense alleges that the plaintiff commenced an action against the said Daniel Woodcock, as attorney for the underwriters of the Insurers' Alliance, to recover a loss occurring under a policy of insurance therein alleged to have been issued by said Woodcock to the insurer mentioned in said policy; and that the plaintiff in said action demanded judgment against the defendant, said Daniel Woodcock, as attorney for the underwriters of the Insurers' Alliance, for the sum of $142.85, with interest thereon and costs; that the plaintiff recovered judgment for the full amount prayed for in the said complaint, with interest, costs, and disbursements; and that the said judgment therein was duly paid and satisfied, and that by reason thereof no indebtedness now exists between this defendant and the plaintiff by reason of any alleged liability under the said alleged policy, and that the plaintiff has been fully paid.

Upon the trial the plaintiff offered in evidence a judgment roll in the case of this plaintiff against Daniel Woodcock, as attorney for the underwriters of the Insurers' Alliance, and, having proved the demand and the assessment to the plaintiff, rested. The defendant then offered in evidence a transcript of the county clerk showing the payment of the judgment obtained by the plaintiff against Woodcock, as attorney in fact for the underwriters, and moved to dismiss the complaint upon the ground that the judgment against the attorney and manager, upon which the suit rested, had been paid and satisfied of record, and that, therefore, there existed now no liability, under the terms of the policy, upon which this defendant could be held liable in this action, and therefore that the action cannot be sustained. The plaintiff then moved that a verdict be directed in his favor. The court directed a verdict in favor of the plaintiff, and ordered the exceptions to be heard in the first instance in this court.

The judgment in the action against Woodcock adjudged that "Charles A. McCredy, the plaintiff, do recover of Daniel Woodcock (as attorney of the underwriters of the Insurers' Alliance), the defendant, the sum of one hundred and fifty dollars and fifty-nine cents, the amount claimed, and interest, with twenty dollars and eleven cents costs and disbursements, amounting in the whole to the sum of one hundred and seventy and $^{70}/_{100}$ dollars ($170.70), and that said plaintiff have execution therefor."

The questions arising under policies of this character, and the liability of underwriters thereunder, have been several times presented to this court in late cases. In Leiter v. Beecher, 2 App. Div. 577, 37 N. Y. Supp. 1114, which was an action by an insurer who had sustained a loss against the attorney in fact of the underwriters for the full amount of the loss, Mr. Justice Rumsey, in delivering the opinion of the court, said:

"The true construction of the contract is that the fact of the liability of the underwriters, when a claim is made under this policy, and the amount to be paid by each one, if there is a liability, is to be ascertained by this action. It is of the same nature as the ordinary contract in a policy of insurance providing for an arbitration to be had in case of a disagreement between the parties. * * * Within the rule laid down in the case of In re New York, L. & W. R. Co. [98 N. Y. 450], the contract would authorize the court to fix the total sum to be paid, and apportion it among the principals who are parties to the contract, and who have in it agreed that that very thing might be done."

The case of Compton v. Beecher, 17 App. Div. 38, 44 N. Y. Supp. 887, was an action upon a policy similar to the one in question. In the policy in that case it was provided:

"No action shall be brought by the assured to enforce the provisions of this policy except against the attorneys in fact, as representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder."

It was contended in that case that the action could not be maintained against the attorneys in fact. It was held, following Leiter v. Beecher, supra, that an action to recover the whole amount of the loss could be maintained by the insured; and that a judgment requiring that the amount of the loss should be paid,—First, out of the unexpended premiums on hand; second, if not paid from that fund, out of the fund established by the deposit by each of the underwriters; and, in case it was not paid out of either fund, the amount should be paid by the 16 underwriters, at $187.51 each,—was proper.

Under a policy of this character, therefore, it is settled that the insured may maintain an action against the attorney in fact for the underwriters to recover the full amount of the loss sustained under the policy. In such an action, the insured can have the amount of his loss ascertained and determined, and the amount of the individual liability of the underwriters (in case the judgment could not be satisfied out of the fund provided for by the contract of insurance) settled; and, in the event of the plaintiff failing to collect the amount due to him from the attorney in fact, in an action to enforce the liability of the individual underwriters, they would be bound by the judgment so far as it determined the amount of the loss and the amount for which each individual underwriter was liable. And it necessarily follows that in such an action, commenced against the attorney in fact, as representing all the underwriters, the recovery of a judgment, and the satisfaction thereof by the attorney in fact, would be a bar to any action commenced by the assured against the underwriters upon their individual liability. It is too well settled to be questioned that where a party has one distinct cause of action, and recovers upon it, that judgment is a bar to any subsequent enforcement of that cause of action, although it subsequently appears that the amount of his liability is much less than he would have been entitled to. As was said by Judge Andrews in the case of Perry v. Dickerson, 85 N. Y. 345:

"In order to establish an identity between the causes of action in the two suits, it is not necessary that the claim made in the first action embraced the same items sought to be recovered in the second. It is sufficient, to bring the second within the estoppel of the former judgment, that the cause of

action in the former suit was the same, and that the damages or rights claimed in the second suit were items or parts of the same single cause of action upon which the first action was founded. The law to prevent vexatious or oppressive litigation forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each; and neither in this way, nor by withholding proof of particular items on the trial, or by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented. There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of contract."

See, also, Secor v. Sturgis, 16 N. Y. 548; Samuel v. Casualty Co., 76 Hun, 308, 27 N. Y. Supp. 741.

It appears that the plaintiff, having a claim under this policy for the loss, commenced an action against Daniel Woodcock, as attorney of the underwriters of the Insurers' Alliance. He alleged in his complaint the issuing of the policy of insurance here sued on; that the underwriters named in such policy of insurance had appointed the defendant, Daniel Woodcock, their attorney in fact for all purposes connected with or relating to the carrying on of their business as insurers as aforesaid, and for all other purposes set forth in the policy; that the policy contained a provision that no action should be brought thereunder except as against their attorney in fact, who is the said Daniel Woodcock; that it was, in and by the said policy of insurance, represented that it was secured by deposits in certain banks of the trust company, but that said representations were false and fraudulent, and that at the time of the issuing of said policy there was no fund deposited in said banks (the Mechanics' National Bank, or Manhattan Safe-Deposit Company of New York City, or Hamilton Trust Company of Brooklyn) to secure the said policy. Wherefore the plaintiff demanded judgment against the defendant for a sum of money.

The plaintiff had no cause of action against Daniel Woodcock, as attorney in fact of the underwriters of the Insurers' Alliance to recover for any amount that he was liable for individually. Under this policy of insurance, as alleged in the complaint, the action must, in the first instance, be brought against the attorney in fact of all the underwriters. At any rate, Woodcock, as such attorney in fact, was not responsible to the plaintiff for any individual obligation as an underwriter. Whatever liability there was upon his individual obligation as an underwriter must be enforced against him individually; and, when he was sued as attorney in fact of the underwriters, the only cause of action that existed against him in that capacity was that upon the contract of insurance, which provided for an action to recover for the loss sustained by the insured, the judgment to be entered in such an action to be satisfied out of a specific fund, specified in the policy of insurance.

It is not necessary to determine whether or not this provision that no action could be maintained against the individual underwriters would be rendered inoperative by reason of the failure of the underwriters to provide the fund specified in the policy of insurance from which the amount of the loss was, in the first instance, to be payable. The plaintiff sued the general manager as agent of the underwriters,

and alleged in his complaint, not that there was no fund at the time of the commencement of the action from which the policy could be paid, but that when the policy was issued there was no such fund deposited. The plaintiff, therefore, having the right and having agreed to sue this general manager, as agent of all the underwriters, before enforcing any individual liability of the underwriters, commenced this action against the general manager as attorney of the underwriters of the Insurers' Alliance, alleging the facts necessary to sustain his cause of action for the whole loss. He entered judgment in the action for the amount that he claimed he was entitled to, and that judgment was satisfied. We must hold, applying the principle before cited, that the satisfaction of that judgment satisfied the right of action in favor of this plaintiff against these underwriters upon the policy set forth in the complaint, and that no liability existed subsequent to the satisfaction of that judgment against any of the individual underwriters.

It follows that the exceptions must be sustained, and a new trial ordered, with costs to the appellant to abide the event. All concur.