## McCREDY v. WOODCOCK.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. JUDGMENT—VACATION—DISCRETION.

After satisfaction of a judgment in favor of plaintiff, it is within the discretion of the court to vacate it and permit plaintiff to amend his complaint so as to increase the amount demanded.

2. SAME.

A motion to set aside a judgment on a Lloyds insurance policy against the attorney in fact for the underwriters, and a satisfaction thereof, should be sustained, on proper terms as to the return of the amount paid, payment of costs, etc., where it appears that plaintiff's attorney made a demand for less than what he was entitled to, through a misconception of the terms of the policy.

Appeal from special term, New York county.

Action by Charles A. McCredy against Daniel Woodcock, as attorney for Granville F. Dailey and others. Plaintiff moved to vacate the judgment in his favor, and satisfaction thereof, and from the order denying the motion he appeals. Reversed.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Paul Fuller, for appellant.

Percival S. Menken, for respondent.

PATTERSON, J. This is an appeal from an order denying the plaintiff's motion to vacate a judgment entered in his favor against the defendant, Woodcock, attorney in fact for various parties, for the sum of $170.70, and the satisfaction thereof, and that the plaintiff have leave to serve an amended complaint in accordance with a form attached to the motion papers. It appeared in an affidavit of one of the plaintiff's attorneys, in support of the motion, that the defendant, Woodcock, was attorney in fact for certain underwriters of a fire insurance policy, commonly known as a "Lloyds policy." By the contract of insurance, each of the underwriters became individually responsible to the assured, who was the plaintiff's assignor, for a proportionate amount of an aggregate insurance of $2,000. The policy was issued upon a steamboat, and a loss occurred. That policy was signed by Woodcock as attorney in fact for the underwriters. In it was the following provision, viz.:

"No action shall be brought to enforce the provisions of this policy, except against the general manager, as attorney in fact; and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility thereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums be insufficient, then out of the deposit account of the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited. But in no case shall a judgment bind the property of the said general manager to a greater extent than his liability as an individual underwriter."

It appears that Woodcock was one of the individual underwriters. The loss was greater than the total amount of insurance secured by the policy. This action was brought against the general manager as attorney, and the plaintiff's attorney entered judgment against Woodcock for the amount of his individual liability under the policy. That judgment was paid and satisfied. Thereupon the plaintiff began his action against Thrush, one of the underwriters, for the amount of his liability upon the policy. In that action the defendant set up the recovery and payment of the judgment against Woodcock as attorney, and claimed that the satisfaction thereof was an extinguishment of his (Thrush's) liability. That contention was sustained in this court (37 App. Div. 465, 56 N. Y. Supp. 54); it being held that the plaintiff having agreed to sue the general manager of the underwriters, as agent of all the underwriters, before enforcing any individual liability against them, and having entered judgment in the action for the amount he claimed he was entitled to, and that judgment being satis-

58 N.Y.S.—42

fied, such satisfaction extinguished the cause of action upon the policy, and no liability thereafter existed upon it. The application for the relief sought by the present motion is based upon the sworn statement of the attorney who brought this action that his understanding of the meaning of the clause of the policy above quoted was that it required that an action should be commenced against the attorney in fact as such, and that in such action judgment should be demanded only for such manager's proportion as an individual underwriter, and that, if such judgment should be obtained, the other underwriters would be bound to pay the same amount as their attorney, because each one of them subscribed for the same proportionate amount as the attorney or manager, and that, therefore, he demanded judgment in the action only for the sum of $142.85, the amount of the subscription of Woodcock as an individual. The mistake of the attorney in this construction of the policy and of the requirement of the provision above quoted does not appear to have been detected until the trial of the Thrush action.

Two questions are presented upon this appeal, and the first relates to the power of the court to entertain the motion. That such power exists was held in Hatch v. Bank, 78 N. Y. 487. It is unnecessary to say anything more upon the general subject of the power of the court than is stated in the opinion in that case. It is a matter resting in discretion, and in furtherance of justice the court "will go a great way to grant the relief sought," if the application is meritorious, and no real injury will be done to the parties.

The second question is whether the discretion should have been exercised in this case, and we are of the opinion that it should have been. If any one was liable on this policy, all of the underwriters were. The provision as to the institution of a suit to enforce the liability is novel, and the mistake is that of the attorney, only, in demanding judgment for a small, fractional part of the amount recoverable on the policy. In the complaint in this case the cause of action upon the policy is appropriately set up. It alleges all the facts necessary to sustain a cause of action for the whole loss, but the attorney made a wrong demand of judgment, and entered an improper judgment, under a misconception of what was required by the contract. To allow this to be corrected, under the circumstances of the case, is only equitable, the court having the power to do so. No real prejudice arises to the underwriters. Thus far they are only relieved by a technical error in a pleading, and their exemption from liability upon the policy arose through a mistake of a pleader, and is in no way related to the merits of a controversy. It is undoubtedly an extreme case, and no general rule can be laid down for granting or denying motions of this character. Each case must be governed by its own circumstances. Here, in granting the relief asked for by the motion, the parties may be remitted to their original position without injustice to either, but it must be upon appropriate terms. The plaintiff must return to the defendant the full amount paid on the judgment, with interest thereon at the rate of 6 per cent. He must also pay all the costs of this action and of this appeal, and $10 costs of

this motion in the court below, and also the disbursements of the defendant on this appeal.

The order will be reversed, and the motion granted, on the conditions mentioned.    All concur.