One Supkowitch committed a rape upon the infant defendant Marie Bushko, and was apprehended pursuant to a writ of capias adrespondendum. One of the supreme court commissioners held him to bail in the sum of $750. Thereupon he, with the complainant as surety, executed a bond pursuant to the statute, and was released. In accordance with the sixty-ninth section of the Practice act the penalty in the bond was fixed at double the amount for which the defendant had been held to bail, or $1,500. The complainant says that he was informed by the commissioner who took the acknowledgment to the recognizance that he would only be held liable for the amount in which the defendant in the action at law had been held to bail, and that such was his own mistaken belief. He, therefore, prays that the bond be reformed so as to read: that he and the said Supkowitch are bound unto the defendants in the penal sum of $1,500, conditioned that if a judgment should be entered against the defendant Supkowitch, and the latter failed to answer to the plaintiffs in the action at law, then the complainant to pay the sum of $750, otherwise the said bond to be void and of no effect.
In the first place, this court is without jurisdiction, because there is an adequate remedy at law. In Simmons ads. Kelly,39 N.J. Law 438, it is pointed out by the supreme court that "the defendant in a bail bond has never been obliged to go to a court of equity, but has always found protection in a court of law." It is further pointed out that replevin bonds and those to insure appearance have always been excepted out of the statutes applying to other bonds with special conditions," "for the very reason that courts of law afford relief in proceedings under them."
It also appears that the proper practice upon a breach of such a bond is to enter judgment against the surety for the *Page 215 
full amount of the penalty, and then to have the actual damages assessed by the court or its clerk if they are represented by a readily-determinable sum. If, upon the contrary, it requires assessment by some other means, a writ of inquiry is directed to the sheriff who impanels a jury and takes their verdict.Simmons ads. Kelly, supra; Peacock v. Haney,37 N.J. Law 179; Graecen v. Allen, 14 N.J. Law 74.
The mistake upon which the complainant relies is not one against which he may properly be relieved in this court. Upon his solemn assurance that he would secure the defendants to the extent of the penalty expressed in his bond, the man primarily liable for the outrageous offense against this girl has been permitted his liberty and made such use of it that he is no longer within the jurisdiction of the court that fixed her damages or amenable to its process. Without going into a discussion of the rather recondite doctrine of mistake, the complainant's equitable position is not sufficiently strong to warrant relief at the expense of the defendants. Vice-Chancellor Van Fleet, in Cummins v. Bulgin, 37 N.J. Eq. 476, said: "A mistake, in a legal sense, may be defined to be the doing of an act under an erroneous conviction, which act, but for such conviction, would not have been done." Nowhere does the complainant say that he would have strangled if he had understood the additional $750 of liability.
It is argued that the sixty-ninth section of the Practice act requires double indemnity only for the purpose of insuring liability of the bail for a sum sufficient to pay the amount in which the principal is held to bail, with the addition of enough to cover costs and interest. I can see nothing in the act to make it so appear. It would seem far more likely that it was intended to reach a situation such as the present case, where the subsequent verdict is substantially more than the amount named in the order holding to bail. It is fair to assume that the average supreme court commissioner would take into consideration the fact that a defendant has not yet had an opportunity to be heard in his defense, and, where his liberty is involved, will not fix bail in a sum so high as would be named if his conviction is assured. Furthermore, *Page 216 
the very language of the recognizance in this case should have been sufficient to have apprised the complainant of his possible liability thereunder. After acknowledging, in the form provided by the statute, that he owed unto the defendants the sum of $1,500, it is said to be upon condition that if Supkowitch "shall be condemned in this action at the suit of Marie Bushko, by her next friend, John Bushko, and John Bushko, individually, plaintiffs, he shall pay the costs and condemnation of the court or render himself into the custody of the sheriff of the said county for the same, or if he fails so to do, that the said Solomon Alterac will pay the costs and condemnation for him or render him into the custody of the sheriff of the said county." Not a word is said therein to limit the amount of liability to the sum of $750, or any other sum except the amount of the penalty, which is the amount demanded by the defendants. If the complainant was misinformed as to the legal effect of the bond he executed, he does not pretend that the defendants were to blame in any way therefor. As between his loss and many times that amount, which falls upon the defendants by reason of the absconding of Supkowitch, there is no comparison, and, for the reasons I have indicated, this court should not extend its protection to him, even if the jurisdictional question was not involved.
I will advise an order discharging the order to show cause and dissolving the restraint contained therein. *Page 217