RIECKHOFF, Appellant, *v.* WOODHULL et al., Defend-
ants; STANDARD OIL COMPANY, Respondent.

(No. 7,742.)

(Submitted December 9, 1937. Decided December 21, 1937.)

[75 Pac. (2d) 56.]

Cause submitted on briefs of counsel.

*Messrs. Hildebrand & Warren,* and *Messrs. Keohane & Kuhfeld,* of the Bar of Beach, North Dakota, for Appellant.

24

26

*Mr. Thomas C. Colton* and *Mr. J. W. Sturgeon,* the latter of the Bar of Dickinson, North Dakota, for Respondent.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff has appealed from an order denying his motion to set aside a judgment.

This action was brought to foreclose a real estate mortgage securing a note for $2,000. Both note and mortgage were executed in October, 1916, and matured on January 7, 1922. All of the defendants defaulted except the Standard Oil Company. In its answer the bar of the statute of limitations, as to the debt or note, was affirmatively pleaded.

After the case was at issue, the cause was submitted for judgment and decision upon an agreed statement of facts. The essential facts as disclosed thereby are as follows: The defendant W. H. Woodhull, the mortgagor, failed to make any payments on the note after January 7, 1927. An affidavit to extend the life of the mortgage, in compliance with section 8267, Revised Codes, was filed on January 13, 1930. For some time prior to September 15, 1931, Mark L. Lovell was the owner and in possession of the real estate, on which date the Standard Oil Company attached it in an action against Lovell; a judgment was recovered in the attachment action and the property was sold to that company. Thereafter a sheriff's deed was issued to the purchaser at this sale; no extension agreement of either the note or mortgage was entered into in accordance with the provisions of section 8264. The agreed statement recites that "no payment has been made nor acknowledgment of the said debt, nor any promise to make any payments upon the principal or interest of the promissory note owned and held by the plaintiff secured by the real estate mortgage involved herein has been made subsequent to January 7, 1927, by any of the parties defendant to this action or by any other person or persons whomsoever save and except" the affidavit of renewal.

The court found that the debt secured by the mortgage was barred and, hence the lien of the mortgage had expired. Judgment was entered for the defendant Standard Oil Company on December 18, 1936. On April 29, 1937, plaintiff filed a motion to vacate and set aside the judgment under the provisions of section 9187, Revised Codes. The motion was supported by affidavits.

D. C. Warren, one of plaintiff's counsel, made affidavit that on January 22, 1936, he received from plaintiff's attorneys, Keohane & Kuhfeld, of Beach, North Dakota, the note, mortgage, and affidavit of renewal, together with the statement "nothing has been paid on the principal and interest has been paid up to January 7, 1927"; that he prepared the complaint and agreed statement of facts based upon the information so obtained; that he had no information from plaintiff or his attorneys that any other payments had been made on the mortgage indebtedness, or that the indebtedness had been extended by written acknowledgment of the debt by Mark L. Lovell; that because of the lack of information the statement of facts prepared by him was not a true and correct statement of the facts; that it was made through mistake, inadvertence, and excusable neglect of the plaintiff in failing to advise his attorneys of payments made in 1929, and of acknowledgment of the indebtedness made by Lovell in that year; that affiant first learned of the mistake on March 25, 1937, and forthwith took steps to prepare the necessary affidavits in support of the motion to set aside the judgment.

Plaintiff made affidavit to the effect that he sent the mortgage to his attorneys at Beach, North Dakota, stating in his letter: "As requested I am herewith enclosing you the following papers" (describing the note), "principal $2,000. Interest on this note has been paid to January 7, 1927. Nothing else paid on account of principal or interest." Affiant stated that the agreed statement of facts was erroneous, in that it recited that no payment had been made and no acknowledgment of the debt, nor any promise to pay the principal and interest on the note secured by the mortgage subsequent to January 7, 1927. He stated fur-

ther that he did not see the agreed statement of facts before its execution. He set forth documentary evidence which establishes that this statement is erroneous. The last payment of interest was actually made in 1929 by Lovell, although it only paid up the interest to January 7, 1927. Lovell, by affidavit, corroborated the plaintiff in this respect. Letters signed by him dated as late as December, 1929, wherein he acknowledges the indebtedness, were produced. The question before us is whether the court was in error in denying plaintiff's motion.

The pertinent part of section 9187 here applicable reads as follows: "The court may, in furtherance of justice, * * * upon such terms as may be just, relieve a party * * * from a judgment, * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect," provided the application be made within a reasonable time and in no case exceeding six months. The application here was within time.

An application to set aside a judgment on motion is addressed to the discretion of the trial court, and its action thereon, in the absence of manifest abuse of discretion, will not be disturbed on appeal. (*Hegaas* v. *Hegaas*, 28 Mont. 266, 72 Pac. 656; *Robinson* v. *Petersen*, 63 Mont. 247, 206 Pac. 1092; *Kosonen* v. *Waara*, 87 Mont. 24, 285 Pac. 668.) Each application to set aside a judgment must be determined by its own facts. (*Robinson* v. *Petersen*, supra; *Pacific Acceptance Corp.* v. *McCue*, 71 Mont. 99, 228 Pac. 761.) Hence the question is fairly presented: Did the plaintiff establish that by his mistake, excusable neglect, or inadvertence this judgment was taken against him?

It is said that the showing made establishes a mistake, in that plaintiff believed so long as the mortgage was not barred by the statute of limitations (sec. 8267), due to the filing of the renewal affidavit, the debt which it secured was not barred by the general statute. Plaintiff was in error in this assumption, for a mortgage cannot exist beyond the life of the debt or obligation it is given to secure. (*Jones* v. *Hall*, 90 Mont. 69, 300 Pac. 232; *Humbird* v. *Arnet*, 99 Mont. 499, 44 Pac. (2d) 756.)

This was a mistake on the part of plaintiff as to what the law was in this state on this subject.

It is said that section 9187 does not attempt to limit its provisions to any particular classes or kinds of mistake. Hence without regard to whether mistakes of fact or law are involved, relief may be granted. California has announced and followed a rule in accord with this contention, as is illustrated by the case of *Douglass* v. *Todd,* 96 Cal. 655, 658, 31 Pac. 623, 31 Am. St. Rep. 247. This court has long been committed to the rule that, under section 9187, relief may not be granted, speaking generally, where the mistake is one of law. (*Mantle* v. *Casey,* 31 Mont. 408, 78 Pac. 591; *Donlan* v. *Thompson Falls Copper & Milling Co.,* 42 Mont. 257, 112 Pac. 445; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448; *Federal Land Bank* v. *Gallatin County,* 84 Mont. 98, 274 Pac. 288; *Meyer* v. *Lemley,* 86 Mont. 83, 282 Pac. 268.)

The foundation of the rule that relief will not be accorded where the mistake is one of law is the common-law maxim that ignorance of the law excuses no one. This rule is one of necessity, for if ignorance of the law be permitted to be pleaded, then there could be no security in legal rights, no certainty in judicial investigations, and no finality in litigations. (2 Pomeroy's Equity Jurisprudence, 4th ed., sec. 842, p. 1716.)

The rulings of this court announced in the foregoing cases have not been changed by legislative action, although many sessions of the legislature have been held since the earlier of these cases were decided. The fact that these decisions have stood so long would, perhaps, be a sufficient reason for not disturbing them. But when we consider certain other sections of our Code, we think they are in entire accord with the express legislative will.

Section 8776 declares: "Whenever the meaning of a word or phrase is defined in any part of this code, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." The word "mis-

take'' is found elsewhere in our Codes. "An apparent consent is not real or free when obtained through * * * mistake." (Sec. 7475.) "Mistakes may be either of fact or law." (Sec. 7484.) Mistakes of fact are defined by section 7485. Section 7486 declares that certain enumerated mistakes of law are mistakes within the meaning of the chapter in which these sections are found. The word "chapter" can only there apply to the word "mistake" as used in section 7475. Section 7487 provides that mistakes of foreign law are mistakes of fact. The effect of sections 7484, 7485, 7486, and 7487 is to limit the meaning of the word "mistake," as used in section 7475, to the provisions of these sections. In other words, these sections define the meaning of the word "mistake." The legislature in adopting these Codes had defined and limited the meaning of the word "mistake" so that, aside from the few exceptions mentioned in these sections, it excluded mistakes of law from its definition. When we come to determine the meaning of the word "mistake" found in section 9187, the legislature having once defined the word under the rule of section 8776, no contrary intention appearing, the word "mistake" in section 9187 must be held to have the same meaning as it has when used in section 7475. It is well to here observe that the California Codes contain no section corresponding to section 8776, and hence the courts there might well construe the statute as they did, but by reason of this section we are precluded from following their decisions.

It is argued that, since plaintiff was a resident of Iowa, his mistake as to the state of our law was one of fact, applying the rule of section 7487. Before the commencement of this action, plaintiff employed counsel in Montana, who have represented him throughout all the various proceedings. In this state of the record, this principle can have no application. (10 R. C. L. 316; *Schaefer* v. *Wunderle,* 154 Ill. 577, 39 N. E. 623; note in 55 Am. St. Rep. 50.)

It is clear from a reading of the agreed statement of facts that plaintiff's counsel here submitted for decision the question

of the effect of the affidavit of renewal, taking the position that the mortgage was thereby vitalized for a statutory period without regard to the vitality of the debt secured by the mortgage. As we have demonstrated, to assume this position was to rely upon a mistaken notion of the law.

It is said that the attorneys were without, at least, implied authority to stipulate as they did, namely, to ignore the facts which would establish plaintiff's right to recover, and accordingly it is argued that the relief should be granted.

Section 8974 provides: "An attorney and counselor has authority: 1. To bind his client in any steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court and not otherwise." The agreed statement of facts was in writing. It was filed with the clerk of the court. This is one of the methods provided for the trial of causes. (Sec. 9372.) No one can well argue that the signing and filing of the agreed statement of facts is not the taking of one or more steps in an action or proceeding. Under this section, the attorneys had implied authority to do what they did.

However, independent of this statute, the contention cannot prevail. No one has attempted to state the scope of the express authority of the counsel for plaintiff. The presumption obtains, in the absence of a showing to the contrary, that the attorneys were acting within the scope of their authority in entering into this stipulation. (*Davenport* v. *Davenport,* 69 Mont. 405, 222 Pac. 422; 5 Am. Jur. 307; see, also, *Union Bank & Trust Co.* v. *Penwell,* 99 Mont. 255, 42 Pac. (2d) 457.)

It is argued that counsel neglected, upon the issue of the statute of limitations being pleaded, to make inquiry as to when the last payment of interest, and as to whether a new promise of payment, had been made. Assuming that this situation establishes neglect on the part of the attorneys, the record fails to show any excuse therefor. The neglect of his attorneys was the neglect of the plaintiff, and, unless excused, no relief may be granted under this section. (*First State Bank* v. *Larsen,* 72 Mont. 400, 233 Pac. 960.)

Accordingly, we are unable to say that the trial court abused its discretion in refusing to set aside the judgment. Order affirmed.

MR. JUSTICE MORRIS and HONORABLE A. J. HORSKY, District Judge, sitting in place of MR. JUSTICE STEWART, disqualified, concur.

MR. JUSTICE ANGSTMAN:

I dissent. I think the facts here involved present a clear case where relief should be granted under section 9187, Revised Codes.

In the first place I think my associates are in error in holding that plaintiff is seeking relief from a judgment entered against him through a mistake of law. As I view the record relief is sought because of a mistake of fact.

Affidavits in support of the motion to set aside the judgment show that plaintiff, who resides in Iowa, sent the note, mortgage, and affidavit of renewal to his attorneys in Beach, North Dakota, with a statement that "interest on this note has been paid to January 7, 1927. Nothing else paid on account of principal or interest." These attorneys in turn sent the papers to the Montana attorneys with the statement: "Nothing has been paid on the principal and interest has been paid up to January 7, 1927." On this statement the Montana attorneys prepared the complaint and the agreed statement of facts. The agreed statement contained the statement that "no payment has been made or acknowledgment of the said debt nor any promise to make any payments upon the principal or interest of the promissory note owned and held by the plaintiff secured by the real estate mortgage involved herein has been made subsequent to January 7, 1927, by any of the parties defendant to this action" except the renewal affidavit. This statement is now shown to be erroneous and contrary to the facts, for it is shown conclusively and without contradiction by documentary evidence and otherwise that Lovell made the last payment of interest in 1929, and by writing acknowledged the indebtedness as late as Decem-

34

ber, 1929; and, this being so, the debt was not barred in fact when this action was commenced. (Section 9062, Rev. Codes.)

It is quite apparent from the affidavits that plaintiff never saw the pleadings in the case, nor the agreed statement of facts until after judgment was rendered against him. Plaintiff's affidavit, made on April 21, 1937, and long after the judgment had been entered, states that "he has now been advised of the pleadings on behalf of the plaintiff and the defendants filed in the above entitled action and of the purported agreed statement of facts, * * * which said statement of facts affiant is informed was filed in the above entitled action." He then sets forth facts showing that while the interest was paid only to January 7, 1927, the last payment was not actually made until in 1929. The mistake, it seems to me, is one of fact, viz.: a misstatement in the stipulation as to the time when the last interest payment was actually made and the indebtedness acknowledged.

Plaintiff did not furnish that information to his counsel at the time of sending the note and mortgage for collection, because at that stage of the proceedings he did not think it was of any importance. He was not obliged to anticipate the defense of the statute of limitations. He was merely advising his counsel of the amount still owing on the indebtedness. It is fairly inferable from his affidavit that he never did learn of the fact that the statute of limitations was pleaded until after the judgment was entered. His counsel apparently did not advise him of the plea of the statute of limitations, or in any manner communicate with him after receiving the note and mortgage and before entering into the agreed statement of facts. It may be that plaintiff's counsel were negligent in not seeking further information before entering into the stipulation. They were at least mistaken in the interpretation which they placed upon plaintiff's statement that interest had been paid to January 7, 1927.

While ordinarily the negligence of counsel, if there be negligence, is attributable to his client (*Federal Land Bank* v. *Gallatin County*, 84 Mont. 98, 274 Pac. 288), yet it is not within the general scope of an attorney's authority to surrender or give up substantial rights of his client (7 C. J. S., Attorney

and Client, 897, note 50; 6 C. J. 642, note 57; 5 Am. Jur. 315, note 10), much less to stipulate away his client's cause of action without his knowledge or consent, as is the effect here. (*United States F. & G. Co.* v. *Bourdeau,* 64 Mont. 60, 208 Pac. 947, and compare *Jubilee Placer Co.* v. *Hossfeld,* 20 Mont. 234, 50 Pac. 716.)

It is plain that, had the actual facts been revealed to the court, the debt would not have been barred. The actual facts were not revealed to the court because plaintiff deemed them immaterial at the time he communicated with his counsel, and his counsel knew nothing about them. I think the circumstances here present such a mistake of fact as should be relieved against under section 9187.

If a mistake of law enters into the case at all, such mistake was merely a contributory factor which may have been a remote circumstance in inducing counsel to enter into the stipulation without further investigation of the facts. The mistake of law theory, however, is not urged as a ground for setting aside the judgment, but is injected into the case from the fact that counsel made the contention before the court before the judgment was entered, that the filing of the renewal affidavit extended the life of the mortgage regardless of whether the statute had run against the debt. But plaintiff should not be penalized because his counsel did the best they could in his behalf on what they supposed the facts were.

Furthermore, I think even if we treat the application of plaintiff as one based upon a mistake of law, the relief should be granted. The common-law rule was that there was something so sacred about a judgment that once it was entered and became final, there was no power on earth that could stay its execution. The harshness of this doctrine caused most state legislatures to enact statutes designed to modify the common-law rule. The Montana statute is section 9187, the pertinent parts of which are: "The court may, in furtherance of justice * * * upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable

neglect.'' The statute does not say ''mistake of facts'' or ''mistake other than a mistake of law.'' It uses the word ''mistake'' without any qualification. It does so with the full understanding that a mistake may be either of fact or of law. (Sec. 7484.) It saw fit to make no distinction between the two.

The supreme court of California under identical statutes has held that their statute corresponding with our section 9187 was enacted in view of their statute corresponding with our section 7484, and that a mistake of law furnishes grounds for setting aside a judgment. (*Douglass* v. *Todd*, 96 Cal. 655, 31 Pac. 623, 31 Am. St. Rep. 247; *Brandon* v. *Sullivan Tractor Co.*, 38 Cal. App. 268, 175 Pac. 906; *Mitchell* v. *California etc. Co.*, 156 Cal. 576, 105 Pac. 590; *Staley* v. *O'Day*, 22 Cal. App. 149, 133 Pac. 620; to the same effect is *Baxter* v. *Chute*, 50 Minn. 164, 52 N. W. 379, 36 Am. St. Rep. 633.)

This court, as if resenting any suggestion by the legislature as to how justice should be administered by the judiciary, has been reluctant to follow the plain language of section 9187, and has either entirely overlooked the word ''mistake'' as used in that section, as it did in *Mantle* v. *Casey*, 31 Mont. 408, 78 Pac. 591, or has read into the statute after the word ''mistake,'' the words ''other than mistakes of law,'' as indicated in the decisions cited in the majority opinion. .

I think the decisions in which statements are made that a mistake of law is no ground for relief are erroneous and should be expressly overruled to the extent that they do so hold. In none of them is any reference made to section 7484, and the effect of that section upon section 9187 does not appear to have ever received the consideration of this court. To adhere to erroneous decisions because they are of long standing but adds justification to the partially mistaken notion that appellate courts exist ''to correct the errors of other courts and to adhere to their own.'' But this court in the late case of *Meyer* v. *Lemley*, 86 Mont. 83, 282 Pac. 268, 271, said that ''the rule is not invariable that a mistake of law will never be considered excusable. (14 Cal. Jur. 1035, 1044.)''

It is, of course, elementary that the word "mistake," as used in section 9187, must be given some meaning separate and apart from the words "excusable neglect." Both terms are used in the statute and both must be given effect. (*Mann* v. *Hall*, 163 N. C. 50, 79 S. E. 437.)

"A 'mistake' exists when a person, under some erroneous conviction of law or fact, does or omits to do some act which, but for the erroneous conviction, he would not have done or omitted, and the mistake may arise either from unconsciousness, ignorance, forgetfulness, imposition, or misplaced confidence." (*Burton* v. *American Bonding & Trust Co.*, 182 Ky. 637, 206 S. W. 884, 886; *Alterac* v. *Bushko*, 99 N. J. Eq. 213, 132 Atl. 511, 512; *Chicago etc. R. Co.* v. *Hay*, 119 Ill. 493, 10 N. E. 29, 33; *Bruse* v. *Nelson*, 35 Iowa, 157; *Christy* v. *Scott*, 31 Mo. App. 331, 337.)

"Mistake," as used in the statutes which confer jurisdiction in cases of "mistake" on courts of equity, is not limited to mistakes of fact, but the word is used as generally understood in equity proceedings, and includes mistakes of law, when combined with other elements not in themselves sufficient to authorize a court of equity to interpose, but entitle the party to be relieved. (*Jordan* v. *Stevens*, 51 Me. 78, 80, 81 Am. Dec. 556.)

Analogous cases from other jurisdictions support the conclusion that the judgment here should be set aside in furtherance of justice, to the end that the case may be tried on its merits.

In *McCredy* v. *Woodcock*, 41 App. Div. 526, 58 N. Y. Supp. 656, 658, these facts were involved: Plaintiff's attorney misinterpreted the terms of an insurance policy known as "Lloyd's policy." Under it each underwriter became liable individually for a proportionate amount of $2,000. Plaintiff brought action against the general manager and obtained judgment which was paid and satisfied. He then sued one of the underwriters for the amount of his liability, and the defense was the recovery and satisfaction of the other judgment which settled the whole liability under the policy. Plaintiff then sought to set aside the first judgment, because in it he sought only $142.85 under the mistaken belief that each underwriter would be liable in that

38

same amount. The lower court denied the motion. The supreme court reversed the lower court's holding, saying: "If anyone was liable on this policy, all of the underwriters were. The provision as to the institution of a suit to enforce the liability is novel, and the mistake is that of the attorney, only, in demanding justice for a small, fractional part of the amount recoverable on the policy. In the complaint in this case the cause of action upon the policy is appropriately set up. It alleges all the facts necessary to sustain a cause of action for the whole loss, but the attorney made a wrong demand of judgment, and entered an improper judgment under a misconception of what was required by the contract. To allow this to be corrected, under the circumstances of the case, is only equitable, the court having the power to do so. No real prejudice arises to the underwriters. Thus far they are only relieved by a *technical error in a pleading,* and their exemption from liability upon the policy arose through a mistake of a pleader, and is in no way related to the merits of a controversy."

In *Kelsey Co.* v. *Spears,* 37 Cal. App. 27, 173 Pac. 606, 608, the defendants and their attorney had agreed to a compromise judgment. The attorney was to prepare the judgment and submit it to the defendants. It appeared that defendants did not appreciate the effect of the judgment and they were not given the privilege of examining it before it was entered. The court held that it was properly set aside. It said: "We do not believe that a litigant should be bound by a compromise made by his attorney where, as here, the facts upon which the compromise was effected were not understood by the litigant, or where the latter obtained a misapprehension or an erroneous impression of the effect and scope of the compromise as the same was explained to him by his attorney."

In *Mann* v. *Hall,* 163 N. C. 50, 79 S. E. 437, 439, the attorney for plaintiff in drawing the complaint by mistake described the land as 5/16ths of a certain tract, whereas it should have described a larger interest. The court held that the judgment obtained by plaintiff should be set aside on the ground of mistake, saying: "If this judgment is not set aside, the plaintiffs will be

deprived by such mistake, purely of fact, of eleven-sixteenths of land which is theirs (if their contention is right as to the law) ; whereas, if the judgment is set aside, the defendants can lose nothing of their right and the controversy will be decided on its merits. This is not the invocation of a doctrine of mutual mistake in equity, but a statutory provision for correcting a 'mistake or inadvertence' in legal proceedings whereby an injustice would accrue to a party. In *Lutz* v. *Alkazin,* N. J. Ch., 55 Atl. 1041, which was a suit to reform a contract for sale of land and for specific performance so as to include 10 feet not in the description of the contract, the counsel overlooked the prayer to include the 10 feet and took judgment omitting it. The court held that this was a case of surprise and that the decree should be opened to allow that matter to be litigated. This case is much stronger because here, as a matter of fact, the counsel misunderstood the description as embracing the whole tract and understood that his clients had an undivided five-sixteenths therein, by reason of such mistake and inadvertence. The defendants who put in a mere formal defense have not been prejudiced and cannot in good conscience claim to hold the land for which they have obtained judgment by such mistake. If they have a good claim to said property, there ought to be opportunity to have it understandingly passed upon by the court and jury. \* \* \* If the defendants are not entitled to the eleven-sixteenths, they ought not to obtain it by such mistake and inadvertence.''

In *Palace Hardware Co.* v. *Smith,* 134 Cal. 381, 66 Pac. 474, it appears that plaintiff brought an action on two causes of action. One was for $320.80 and the other for $105.73. Counsel for defendant asked counsel for plaintiff what he would take to settle the case. Counsel for plaintiff looked at the prayer of the complaint, which included the $320.80 only, and replied that he would accept that amount plus costs amounting to $10. This was paid and the action dismissed. Upon discovering the error, application was made to have the judgment of dismissal set aside because of the mistake. The supreme court

held that the trial court properly set aside the judgment of dismissal.

In *Warren* v. *Order of Railway Conductors*, 199 Mo. App. 200, 201 S. W. 368, plaintiff had recovered a judgment on an insurance policy covering the life of her husband. The husband had not been heard of for more than seven years and hence was presumed to be dead. The judgment was paid and satisfied of record. Subsequently it was learned that he was still living, and the court, upon motion, set aside the judgment and ordered restitution of the money.

In *Eder* v. *Nelson*, 134 Minn. 307, 159 N. W. 626, plaintiff brought suit to enforce specific performance of a contract to convey lots in exchange for shares of stock in a corporation. Defendant set up as a defense the fact that she was induced to enter into the contract through fraudulent misrepresentations concerning the value of the stock. At the trial defendant testified that she had investigated the corporation and its financial condition. Defendant's counsel thereupon abandoned the defense of fraud. Plaintiff recovered judgment. Application was made to set it aside upon the ground that defendant's counsel was mistaken in supposing that she had investigated the corporation and its financial condition before making the contract. Her testimony regarding the investigation related to a time subsequent to the making of the contract. The supreme court held that the trial court properly set aside the judgment.

In *Dixon* v. *Lyne*. 10 Ky. Law Rep. 769, 10 S. W. 469, owing to a misunderstanding between defendant and her attorney, the real defense was not interposed and this was not discovered until the judgment had been entered; it was held proper to set it aside.

In *State Life Ins. Co.* v. *Heffner*, 131 Neb. 700, 269 N. W. 629, 630, it was held that an order vacating a foreclosure sale was proper where it appeared that the clerk of the court had erroneously described the land to be sold as ''the east half of section one'' instead of ''all of section one.'' The court said: ''It is apparent from the record that, because of an error of the clerk

of the district court, only one-half of the mortgaged property was advertised and sold. It is also clear from the record that plaintiff without knowledge of the error made a bid on the whole of the mortgaged premises when, as a result of the mistake, only one-half thereof was sold. Under such circumstances, it is not only within the power of the district court to vacate a confirmation of such a sale during the term at which it was entered, but it becomes the duty of the court to do so."

In *Dimick* v. *Munsinger*, 202 Iowa, 784, 211 N. W. 404, 405, it was held that a decree entered through mistake or misunderstanding was properly set aside, the court saying: "The courts favor the disposition of cases on their merits, and are ever ready to relieve for mistake and misunderstanding, when they can do so without violating settled and necessary rules and substantial rights of adversaries."

Here, if the judgment is permitted to stand, it grants to defendant the land free and clear of the mortgage. When it acquired the land, the mortgage was good and valid and the debt was not barred. The renewal affidavit kept the mortgage alive so long as the debt was alive. The debt was alive as against everyone liable for it when the defendant acquired the property. In fact, even on the agreed statement of facts, the debt was alive as against the only person liable for a deficiency judgment. The particular defendant who was liable for a deficiency judgment did not choose to plead the statute of limitations but permitted the action to go by default.

The agreed statement, reciting as it does, a statement contrary to the facts which has the effect of confessing judgment for defendant and against plaintiff, ought not to stand in the face of the showing that it was clearly a mistake and when, if the actual facts are permitted to be shown, judgment will have to go for plaintiff. As before stated, I think the mistake is one of fact, but if it be held one of law, I still think the judgment should be set aside.

I realize that the matter of setting aside judgments and orders lies within the sound legal discretion of the trial court, and this

42

court will interfere with that discretion only in case of abuse thereof, but it requires a stronger showing of abuse to warrant a reversal of an order granting relief than is required in case the court refuses to grant it. (*Kosonen* v. *Waara*, 87 Mont. 24, 285 Pac. 668.) No great abuse of discretion need be shown to warrant a reversal of an order denying relief under the above section of the statute, for in construing and applying it, the courts should "maintain the same liberal spirit which prompted its enactment." (*Brothers* v. *Brothers*, 71 Mont. 378, 230 Pac. 60, 61.) Each case must be decided upon its own facts, and if the showing made is such that reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion. (*Nash* v. *Treat*, 45 Mont. 250, 122 Pac. 745, Ann. Cas. 1913E, 751.) The design and purpose of section 9187 is to further the administration of justice by making it possible that causes be disposed of on their substantial merits, rather than with strict regard to technical rules of procedure (*Collier* v. *Fitzpatrick*, 22 Mont. 553, 57 Pac. 181; *Melde* v. *Reynolds*, 129 Cal. 308, 61 Pac. 932; *Griswold Linseed Oil Co.* v. *Lee*, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761), and this is especially true where the refusal to vacate a judgment would, as here, deny plaintiff his cause of action. (*Stebbins* v. *Friend, Crosby & Co.*, 178 Minn. 549, 228 N. W. 150.)

Had the district court granted the motion, I have not the slightest doubt but that this court would have hastened to affirm its action in so doing. Though I have great respect for the ability of the trial judge, I cannot yield to his discretion here, since there is absolutely no conflict regarding the facts, and since they are presented by affidavits and without oral testimony of any kind, and hence his position was no better than nor different from ours.

I realize that there must be an end to litigation, but I know of no rule of law that commands the sacrifice of justice in order either to attain speed in the disposition of cases or for the mere sake of reaching the end of litigation.

I think plaintiff's motion should have been granted. Of course under the statute, terms may be imposed which I think should require, plaintiff to pay the costs of the former trial.

MR. CHIEF JUSTICE SANDS:

I concur in the dissenting opinion of Mr. Justice Angstman.

Rehearing denied January 21, 1938, MR. CHIEF JUSTICE SANDS and MR. JUSTICE ANGSTMAN dissenting.